UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFERIES STRATEGIC INVESTMENTS, LLC and LEUCADIA ASSET MANAGEMENT HOLDINGS LLC,<br><br>　　　　　　　Plaintiffs,<br><br>　　　-against-<br><br>GEORGE WEISS,<br><br>　　　　　　　Defendant. | Case No. 1:24-cv-04369-AKH |

**LOCAL RULE 56.1 STATEMENT**
**IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Civil Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, plaintiffs Jefferies Strategic Investments, LLC ("JSI") and Leucadia Asset Management Holdings LLC ("LAM Holdings," and with JSI, "Plaintiffs"), by and through their undersigned counsel, submit this statement of material facts as to which the Jefferies Entities contend there is no genuine issue to be tried.

**I.　George Weiss's Control Over the George Weiss Companies**

　　1.　Defendant George Weiss ("Weiss") is the manager of Weiss Family Interests LLC. Balber Decl. Ex. 18 at 6.[1]

　　2.　Weiss is the manager of Benjamin Penn LLC. *Id.*

　　3.　Weiss is the trustee of the George A. Weiss Revocable Trust. *Id.*

　　4.　Weiss is the manager of GWA, LLC ("GWA"). *Id.*

---

[1]　"Balber Decl." refers to the Declaration of Scott S. Balber in Support of Plaintiffs' Motion for Summary Judgment. References to "Ex. __" refer to the exhibits to the Balber Decl.

5. GWA is owned by the following entities and individuals, in the following percentages: (i) Weiss Family Interests LLC (15.9%); (ii) Benjamin Penn LLC (15.9%); (iii) George A. Weiss Revocable Trust (23.8%); and (iv) a certain number of employees of WMSA (44.4%). Balber Decl. Ex. 6 ¶ 12.

6. GWA is the parent (in whole or in part) of Weiss Multi-Strategy Advisers LLC ("WMSA"), Weiss Multi-Strategy Funds, LLC ("WMSF"), OGI Associates, LLC ("OGI"), Weiss Special Operations LLC ("WSPO," collectively with GWA, WMSA, WMSF, and OGI the "George Weiss Companies"). *Id.* ¶¶ 12–15.

7. Weiss is the Chairman and Chief Executive Officer of WMSA. *See* Balber Decl. Ex. 6 ¶ 16.

8. Weiss is the manager of WSPO. Balber Decl. Ex. 18 at 6.

## II. The George Weiss Companies Enter Into Agreements with Plaintiffs

9. On or about May 1, 2018, LAM Holding LLC and GWA entered into a Strategic Relationship Agreement dated as of (as amended, the "Strategic Relationship Agreement"). Balber Decl. Ex. 1-A.

10. Section 1(a) of the Strategic Relationship Agreement provides: "LAM shall have a right to receive the Profit Share Percentage of the Company Profits for the Profit Share Period (the 'Profit Share Amount'). The Profit Share Amount shall be calculated and paid in accordance with the terms of this Section 1." *Id.* § 1(a).

11. Section 1(b) of the Strategic Relationship Agreement provides: "LAM shall have a perpetual right to receive the Revenue Share Percentage of the Company Revenues for each Revenue Share Period (the 'Revenue Share Amount'). The Revenue Share Amount shall be calculated and paid in accordance with the terms of this Section 1." *Id.* § 1(b).

12. Under Section 5(b) of the Strategic Relationship Agreement, GWA agreed to "indemnify and hold harmless LAM and each of its Affiliates and their respective directors, officers, employees, agents and representatives . . . to the fullest extent permitted by law from and against any and all costs, losses, Claims, Taxes incurred, damages, liabilities and expenses, including reasonable costs of investigation and defense, and reasonable attorneys' fees and expenses . . . incurred by the Indemnified Party as a result of, in connection with, or related to this Agreement . . . ." *Id.* § 5(b).

13. On or about October 18, 2018, LAM Holding LLC assigned all of its rights under the Strategic Relationship Agreement to LAM Holdings, pursuant to an Assignment and Assumption Agreement. Balber Decl. Ex. 1-I at 1; Balber Decl. Ex. 6 ¶ 26.

14. On or about December 3, 2019, GWA, WMSA, and JFG Funding LLC, entered into a Note Purchase Agreement (as amended, the "2019 Note Purchase Agreement"). Balber Decl. Ex. 1-B.

15. The 2019 Note Purchase Agreement provides, in part, that "the Company [GWA, LLC] will pay to each holder of a Note, on demand, such further amount as shall be sufficient to cover all costs and expenses of such holder incurred in any enforcement or collection . . . including reasonable attorneys' fees, expenses and disbursements." *Id.* § 10.3.

16. On or about December 3, 2019, GWA issued a $31,250,000 Note to JSI. Balber Decl. Ex. 1-D.

17. On or about January 13, 2020, GWA issued a $18,750,000 Note to JSI. Balber Decl. Ex. 1-C.

18. On December 1, 2021, JFG Funding LLC and JSI entered into an Assignment and Assumption Agreement. Balber Decl. Ex. 1-E.

19. GWA, WMSA, and JSI entered into a Note Purchase Agreement dated as of September 21, 2022 (as amended, the "2022 Note Purchase Agreement" and collectively with the 2019 Note Purchase Agreement, the "Note Purchase Agreements"). Balber Decl. Ex. 1-F.

20. The 2022 Note Purchase Agreement provides, in part, that "the Company [GWA, LLC] will pay to each holder of a Note, on demand, such further amount as shall be sufficient to cover all costs and expenses of such holder incurred in any enforcement or collection . . . including reasonable attorneys' fees, expenses and disbursements." *Id.* § 10.3.

21. On or about September 21, 2022, GWA issued a $3,000,000 Note to JSI. Balber Decl. Ex. 1-G.

### III. Weiss and the George Weiss Companies Enter Into the Forbearance Agreement

22. On December 21, 2023, JSI sent a document titled "Notice of Optional Redemption" to GWA. Balber Decl. Ex. 1-H.

23. On February 12, 2024, Weiss and the George Weiss Companies executed a forbearance agreement (the "Forbearance Agreement"). Balber Decl. Ex. 1-I.

24. Section 3(a) of the Forbearance Agreement provides as follows: "Each Weiss Party (other than GWA) . . . irrevocably and unconditionally guarantees to each of JSI and LAM Holdings . . . and their successors, transferees and assigns as a primary obligor the prompt and complete payment and performance by GWA and each other Weiss Party when due (whether at the stated maturity, by acceleration or otherwise) of the Guaranteed Obligations (as herein defined)." *Id.* § 3.

25. The Guaranteed Obligations included, *inter alia*, "all the obligations of GWA and each other Weiss Party arising under any Note Purchase Agreement, the Notes, the SR Agreement and this Agreement . . . ." *Id.*

26. Section 9 of the Forbearance Agreement provides that:

> Weiss unconditionally and irrevocably personally guarantees to the Jefferies Entities the accuracy of the representations made by, and the performance of the agreements of, the Weiss Parties hereunder. Weiss further agrees that he shall take all actions within his control, including by exercising all of his voting, governance, management and other rights and powers with respect to each of the other Weiss Parties, any of their subsidiaries and any of his personal or his family's trusts to cause such persons to comply with the terms of this Agreement.

*Id.* § 9.

### IV. The George Weiss Companies File for Bankruptcy

27. On April 29, 2024, GWA, WMSA, WSPO, and OGI filed voluntary petitions for relief pursuant to Chapter 11 of the United States Bankruptcy Code. Balber Decl. Exs. 2–5.

28. On or about June 11, 2024, WMSA filed a List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (the "WMSA Statement"). The WMSA Statement reflects that WMSA owes LAM Holdings $52,473,259.00." Balber Decl. Ex. 7.

29. Those amounts are owed to LAM Holdings pursuant to the Strategic Relationship Agreement. *See* Balber Decl. Ex. 1-A, Balber Decl. Ex. 7.

30. The WMSA Statement further reflects that WMSA owes JSI $43,190,924.00. Balber Decl. Ex. 7.

31. Those amounts are owed to JSI under the Notes. *See* Balber Decl. Exs. 1-C, 1-D, 1-G; Balber Decl. Ex. 7.

32. On or about June 11, 2024, GWA filed a List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (the "GWA Statement"). The GWA Statement reflects that GWA owes LAM Holdings $52,473,259.00. Balber Decl. Ex. 8.

33. Those amounts are owed to LAM Holdings pursuant to the Strategic Relationship Agreement. *See* Balber Decl. Ex. 1-A, Balber Decl. Ex. 8.

34. The GWA Statement further reflects that GWA owes JSI $43,190,924.00. Balber Decl. Ex. 8.

35. Those amounts are owed to JSI under the Notes. *See* Balber Decl. Exs. 1-C, 1-D, 1-G; Balber Decl. Ex. 8.

36. On or about June 11 2024, OGI filed a List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (the "OGI Statement"). The OGI Statement reflects that OGI owes LAM Holdings $52,473,259.00. Balber Decl. Ex. 9.

37. Those amounts are owed to LAM Holdings pursuant to the Strategic Relationship Agreement. *See* Balber Decl. Ex. 1-A, Balber Decl. Ex. 9.

38. The OGI Statement further reflects that OGI owes JSI $43,190,924.00. Balber Decl. Ex. 9.

39. Those amounts are owed to JSI under the Notes. *See* Balber Decl. Exs. 1-C, 1-D, 1-G; Balber Decl. Ex. 9.

40. On or about June 11, 2024, WSPO filed a List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (the "WSPO Statement"). The WSPO Statement reflects that WSPO owes LAM Holdings $52,473,259.00. Balber Decl. Ex. 10.

41. Those amounts are owed to LAM Holdings pursuant to the Strategic Relationship Agreement. *See* Balber Decl. Ex. 1-A, Balber Decl. Ex. 10.

42. The WSPO Statement further reflects that WSPO owes JSI $43,190,924.00. Balber Decl. Ex. 10.

43. Those amounts are owed to JSI under the Notes. *See* Balber Decl. Exs. 1-C, 1-D, 1-G; Balber Decl. Ex. 10.

44. On June 19, 2024, WMSF filed a voluntary petition for relief pursuant to Chapter 11 of the United States Bankruptcy Code. Balber Decl. Ex. 11.

45. On or about June 28, 2024, WMSF filed the Global Notes, Methodology and Specific Disclosures Regarding WMSF's Schedules of Assets and Liabilities and Statement of Financial Affairs (the "WMSF Statement"). The WMSF Statement reflects that WMSF owes LAM Holdings $52,473,259.00. Balber Decl. Ex. 12.

46. Those amounts are owed to LAM Holdings pursuant to the Strategic Relationship Agreement. *See* Balber Decl. Ex. 1-A, Balber Decl. Ex. 12.

47. The WMSF Statement further reflects that WMSF owes JSI $43,190,924.00. Balber Decl. Ex. 12.

48. Those amounts are owed to JSI under the Notes. *See* Balber Decl. Exs. 1-C, 1-D, 1-G; Balber Decl. Ex. 12.

V. **The Bankruptcy Court Rejects Weiss's Arguments**

49. On April 29, 2024, GWA, WMSA, WSPO, and OGI commenced an adversary proceeding against the Jefferies Parties captioned *GWA, LLC et al v. Jefferies Strategic Investments, LLC et al.*, No. 24-01350 (MG). Balber Decl. Ex. 13.

50. On June 25, 2024, the George Weiss Companies filed an amended complaint in the Adversary Proceeding. Balber Decl. Ex. 14.

51. On July 16, 2024, Plaintiffs moved to dismiss the George Weiss Companies' amended complaint in part. *See* Balber Decl. Ex. 15.

52. On August 6, 2024, the George Weiss Companies filed an opposition to the Plaintiffs' motion to dismiss. *See* Balber Decl. Ex. 16.

53. In that opposition, the George Weiss Companies stated, in part:

> Weiss . . . agreed to provide, at most, a guarantee of 'performance of the agreements of the Weiss Parties' under the Amended Forbearance Agreement. He did not guarantee any payments by the Debtors.

*Id.* at 13.

54. On September 11, 2024, the Bankruptcy Court held a hearing on the Plaintiffs' (defendants in the adversary proceeding) motion to dismiss. Balber Decl. Ex. 17.

55. During that hearing, the Bankruptcy Court asked:

> Why wouldn't the agreement of Mr. Weiss to guarantee some or all of the debt stand, whether or not the remainder of the forbearance agreement, at least insofar as the Debtors are concerned, would fall? I mean, it's, you know, one of the things I've seen multiple times over the years is that a creditor will often be willing to forbear if it obtains a guarantee from a non-debtor principal. And that's what this is.

*Id.* 20:10–17.

56. In response, counsel for the George Weiss Companies argued that:

> Mr. Weiss has only issued a performance guarantee of obligations of these parties under the amended forbearance agreement, not of the obligations under the loans or any other monies that are owed. This is solely a performance guarantee rather than a payment guarantee.

*Id.* 20:18–21:12; 25:22–25.

57. Weiss's personal counsel, who is also representing Weiss in this matter, appeared at the hearing on the motion to dismiss. *Id.* 45:5–15.

58. At the hearing, Weiss's counsel stated:

> The case in the federal court is in front of Judge Alvin Hellerstein and I will give you a few case cites that you requested of Mr. Jureller. The Caldor Inc. v. Mattel, 817 F.Supp. 408; Key Bank of

Long Island v. Burns, 162 A.D.2d 501; and Solco, S-O-L-C-O, Plumbing Supply Inc. v. Hart, 123 A.D.3d 798.

*Id.* 49:10–15.

Dated: New York, New York
November 5, 2024

Respectfully submitted,

HERBERT SMITH FREEHILLS
  NEW YORK LLP
By: /s/ *Scott S. Balber*
    Scott S. Balber
    Michael P. Jones
    Daniel Gomez
200 Park Avenue
New York, New York 10166
Tel: (917) 542-7810
Fax: (917) 542-7601
Email:     Scott.Balber@hsf.com
           Michael.Jones@hsf.com
           Daniel.Gomez@hsf.com

*Attorneys for Plaintiffs*
*Jefferies Strategic Investments, LLC and*
*Leucadia Asset Management Holdings LLC*