**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JEFFERIES STRATEGIC INVESTMENTS, LLC and LEUCADIA ASSET MANAGEMENT HOLDINGS LLC,

Plaintiffs,

-against-

GEORGE WEISS,

Defendant.

Case No. 1:24-cv-04369-AKH

**JEFFERIES STRATEGIC INVESTMENTS, LLC AND LEUCADIA ASSET MANAGEMENT HOLDINGS LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..... ii

PRELIMINARY STATEMENT ..... 1

STATEMENT OF FACTS ..... 2

I. The George Weiss Companies Enter Into the Underlying Agreements ..... 2

II. Weiss Enters Into the Forbearance Agreement ..... 3

III. Weiss Immediately Breaches His Guarantee Obligations ..... 5

IV. The George Weiss Companies Declare Bankruptcy and the Bankruptcy Court Rejects Weiss's Arguments ..... 5

ARGUMENT ..... 7

I. Plaintiffs Have Established Their *Prima Facie* Entitlement to Summary Judgment ..... 7

II. Weiss Cannot Establish Any Defense to his Liability ..... 8

A. Weiss is Collaterally Estopped From Disputing His Payment Obligation ..... 8

B. Weiss's Guarantee Requires Payment as a Matter of Law ..... 10

C. Weiss's Affirmative Defenses Fail to Raise Triable Issues of Fact ..... 11

CONCLUSION ..... 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Trading Co. v. Fish*,
42 N.Y.2d 20 (1977) ........ 10

*Boco Enters., Inc. v. Saastopankkien Keskus-Osaki-Pannki (In re Boco Enters., Inc.)*,
204 B.R. 407 (Bankr. S.D.N.Y. 1997) ........ 10

*D.S. America (East), Inc. v. Chromagrafx Imaging Sys., Inc.*,
873 F.Supp. 786 (E.D.N.Y. 1995) ........ 11

*Fernicola v. Specific Real Prop. in Possession, Custody, Control of Healthcare Underwriters Mut. Ins. Co.*,
2001 WL 1658257 (S.D.N.Y. Dec. 26, 2001) ........ 9

*GWA, LLC v. Jefferies Strategic Inv., LLC (In re Weiss Multi-Strategy Advisers LLC)*,
2024 WL 4276161 (Bankr. S.D.N.Y. Sept. 24, 2024) ........ 6, 8

*HSH Nordbank AG v. Street*,
421 Fed. App'x 70 (2d Cir. 2011) ........ 7

*Kaplan v. Bennett*,
465 F. Supp. 555 (S.D.N.Y. 1979) ........ 8

*Kensington House Co. v. Oram*,
293 A.D.2d 304 (1st Dep't 2002) ........ 7

*Legal Recovery Assocs. LLC v. Brenes L. Grp., P.C.*,
2023 WL 2253138 (S.D.N.Y. Feb. 13, 2023) ........ 11

*Louis Dreyfus Energy Corp. v. MG Ref. & Mktg., Inc.*,
2 N.Y.3d 495 (2004) ........ 10

*Merch. Cash & Cap., LLC v. Haute Soc'y Fashion, Inc.*,
2017 WL 2912452 (E.D.N.Y. July 6, 2017) ........ 11

*Software Publishers Ass'ns v. Scott & Scott, LLP*,
2007 WL 2325585 (N.D. Tex. 2007) ........ 11

*Superior Funding Corp. v. Big Apple Cap. Corp.*,
738 F. Supp. 1468 (S.D.N.Y. 1990) ........ 9

*TD Bank, N.A. v. Clinton Ct. Dev., LLC*,
105 A.D.3d 1032 (2d Dep't 2013) ........ 7

*Telectronic Proprietary, Ltd., v. Medtronic, Inc.*,
687 F.Supp 832 (S.D.N.Y. 1988) ........................................ 11

*U.S. Bank N.A. v. Perlmutter (In re S. Side House, LLC)*,
470 B.R. 659 (Bankr. E.D.N.Y. 2012) ........................................ 7, 11

*Wang v. Pataki*,
396 F. Supp. 2d 446 (S.D.N.Y. 2005) ........................................ 9, 10

**Rules**

Fed. R. Civ. P. 8 ........................................ 11

Plaintiffs Jefferies Strategic Investments, LLC ("JSI") and Leucadia Asset Management Holdings LLC ("LAM Holdings," and with JSI, "Plaintiffs"), by and through their undersigned counsel, respectfully submit this memorandum of law in support of their motion for summary judgment.

**PRELIMINARY STATEMENT**

George Weiss ("Weiss") is the founder and chief executive officer of a hedge fund business, which operated through a constellation of companies bearing his name (the "George Weiss Companies"). By February 2024, certain of those companies owed approximately $100 million to Plaintiffs, and Plaintiffs had an immediate right to collect that debt.

In a calculated decision to forestall any collection efforts by Plaintiffs, on February 12, 2024, Weiss executed a Forbearance Agreement. As part of the Forbearance Agreement, Weiss agreed that he would personally guarantee the obligations of the George Weiss Companies. Specifically, the Forbearance Agreement provides that:

- each of the George Weiss Companies "irrevocably and unconditionally guarantees to each of [the Plaintiffs] . . . the prompt and complete payment and performance by GWA and each other [of the George Weiss Companies] when due . . . ."; and
- Weiss, personally, "unconditionally and irrevocably personally guarantees to [the Plaintiffs] . . . the performance of the agreements of, the [George Weiss Companies] hereunder."

Weiss does not contest that he signed the Forbearance Agreement which contains his personal guarantee of the George Weiss Companies' obligations to Plaintiffs. However, he has nonetheless failed to pay any of the money that he and his companies owe, instead seeking to shirk his plain obligations by relying on a contrived argument that the words in the Forbearance Agreement do not mean what they say. Weiss's argument is contrary to well-settled New York law, and—unsurprisingly—was expressly rejected by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), which is adjudicating the Chapter 11

proceedings commenced by the George Weiss Companies. Weiss appeared personally in those proceedings, argued for the interpretation of the Forbearance Agreement that he seeks to advance here, and lost. Accordingly, he is now collaterally estopped from challenging the holding of the Bankruptcy Court. Because there are no genuine issues of material fact regarding the enforceability of the guarantee, its meaning, or the amounts owed, this Court should grant summary judgment in favor of Plaintiffs and require Weiss to pay the debts he guaranteed.

## STATEMENT OF FACTS

### I. The George Weiss Companies Enter Into the Underlying Agreements

Defendant George Weiss is the Chairman and Chief Executive Officer of Weiss Multi-Strategy Advisers LLC ("WMSA"), the investment advisory entity which manages the George Weiss Companies' funds. (SUF ¶¶ 1–8).[1] Weiss, through his family trusts, owns a controlling stake in the George Weiss Companies' parent entity, GWA, LLC ("GWA"), and in turn, controls the George Weiss Companies' decision making. (SUF ¶ 5).

From 2018 to 2022, GWA entered into several agreements with Plaintiffs, pursuant to which GWA assumed certain payment obligations to Plaintiffs. (SUF ¶¶ 9–21).

Specifically on May 1, 2018, LAM Holdings' predecessor, LAM Holding LLC, and GWA and WMSA entered into a strategic relationship agreement (the "Strategic Relationship Agreement"), pursuant to which LAM Holdings obtained the "right to receive" a share of certain profits and revenues realized by GWA. (SUF ¶¶ 9–12). GWA and WMSA acknowledge and agree (and it is therefore undisputed) that, as of April 29, 2024, they owed $52,473,259.00 to LAM Holdings under the Strategic Relationship Agreement. (SUF ¶¶ 27–28).

[1] "SUF" refers to the Local Rule 56.1 Statement of Undisputed Facts in Support of the Plaintiffs' Motion for Summary Judgment

In December 2019 and September 2022, JSI agreed to purchase $53 million in notes (the "Notes") issued by GWA and WMSA under two "Note Purchase Agreements." (SUF ¶¶ 14–21). GWA and WMSA acknowledge and agree (and it is therefore undisputed) that, as of April 29, 2024, JSI is owed $43,190,924.00 under the Notes and Note Purchase Agreements. (SUF ¶ 30).

Separately, under Section 5(b) of the Strategic Relationship Agreement, GWA agreed to "indemnify and hold harmless LAM and each of its Affiliates and their respective directors, officers, employees, agents and representatives . . . to the fullest extent permitted by law from and against any and all costs, losses, Claims, Taxes incurred, damages, liabilities and expenses, including reasonable costs of investigation and defense, and reasonable attorneys' fees and expenses . . . incurred by the Indemnified Party as a result of, in connection with, or related to this Agreement . . . ." (SUF ¶ 12). Similarly, each of the Note Purchase Agreements provided that Plaintiffs could recover "all costs and expenses of such holder incurred in any enforcement or collection . . . including reasonable attorneys' fees, expenses and disbursements." (SUF ¶ 15).

## II. Weiss Enters Into the Forbearance Agreement

As of February 12, 2024, Plaintiffs were entitled to pursue the full amounts due and owing under the Strategic Relationship Agreement, the Notes, and the Note Purchase Agreements. (*See* SUF ¶ 22, Ex. 1-I). However, in order to protect his companies from Plaintiffs' lawful collection efforts, Weiss signed—in his personal capacity and on behalf of all of the George Weiss Companies—the Forbearance Agreement. (SUF ¶ 23). The Forbearance Agreement contains two key provisions.

*First*, each of the George Weiss Companies agreed to guarantee payment of the approximately $100 million that is owed to the Plaintiffs under both the Notes and the Strategic Relationship Agreement. Specifically, Section 3(a) of the Forbearance Agreement provides that each of the George Weiss Companies, "(other than GWA) . . . irrevocably and unconditionally

guarantees to each of JSI and LAM Holdings . . . and their successors, transferees and assigns as a primary obligor the prompt and complete payment and performance by GWA and each other [of the George Weiss Companies] when due (whether at the stated maturity, by acceleration or otherwise) of the Guaranteed Obligations (as herein defined)." (SUF ¶ 24). The Guaranteed Obligations included, *inter alia*, "all the obligations of GWA and each other [of the George Weiss Companies] arising under any Note Purchase Agreement, the Notes, the [Strategic Relationship] Agreement and this Agreement . . . ." (SUF ¶ 25).

*Second*, George Weiss agreed to a sweeping personal guarantee of the George Weiss Companies' performance under the Forbearance Agreement. Specifically, George Weiss's personal guarantee provides as follows:

> ***Weiss unconditionally and irrevocably personally guarantees*** to the [Plaintiffs] the accuracy of the representations made by, and ***the performance of the agreements of, the [George Weiss Companies] hereunder***. Weiss further agrees that he shall take all actions within his control, including by exercising all of his voting, governance, management and other rights and powers with respect to each of the other Weiss Parties, any of their subsidiaries and any of his personal or his family's trusts to cause such persons to comply with the terms of this Agreement.

(SUF ¶ 26 (emphasis added)). Plainly included among the "agreements of, the [George Weiss Companies]" (*id.*) was "the prompt and complete payment" of the "Guaranteed Obligations" as defined in the Forbearance Agreement, notably the debts arising under Note Purchase Agreement, the Notes, and the Strategic Relationship Agreement (*see* SUF ¶ 24).

## III. **<u>Weiss Immediately Breaches His Guarantee Obligations</u>**

Notwithstanding their obligations under the Forbearance Agreement, the George Weiss Companies to failed to make payment of any of the Guaranteed Obligations. (SUF ¶¶ 28–48). Under the terms of the Forbearance Agreement, Weiss was obligated to satisfy those obligations. (SUF ¶ 26). Weiss has failed to do so and therefore breached his obligations under the Forbearance Agreement. (*See id.*).

## IV. **The George Weiss Companies Declare Bankruptcy and the Bankruptcy Court Rejects Weiss's Arguments**

On April 29, 2024, the George Weiss Companies filed voluntary petitions under chapter 11 of title 11 of the United States Bankruptcy Code. Simultaneously, the George Weiss Companies filed an adversary proceeding against the Plaintiffs which sought, in part, to avoid the entire Forbearance Agreement (including Weiss's personal guarantee) as a preferential or fraudulent transfer. (SUF ¶ 49). The George Weiss Companies then amended their complaint in order to add two new claims seeking to hold Weiss's personal guarantee (*i.e.*, the subject of this lawsuit) unenforceable. (SUF ¶ 50). Plaintiffs (*i.e.*, the defendants in the adversary proceeding) moved to dismiss the complaint, in part, arguing that the George Weiss Companies had failed to provide any basis for avoiding George Weiss's personal guarantee or otherwise finding it unenforceable. (SUF ¶ 51). In opposition to that motion, the George Weiss Companies expressly challenged the enforceability of Weiss's personal guarantee, arguing that "Weiss . . . agreed to provide, at most, a guarantee of 'performance of the agreements of the Weiss Parties' under the Amended Forbearance Agreement. He did not guarantee any payments by the Debtors." (SUF ¶ 53).

On September 11, 2024, the Bankruptcy Court held a hearing on the Plaintiffs' (defendants in the adversary proceeding) motion. (SUF ¶ 54). During that hearing, the Bankruptcy Court asked counsel for the George Weiss Companies why Weiss's personal guarantee could not survive

the avoidance of other portions of the Forbearance Agreement. (SUF ¶ 55). In response, counsel for the George Weiss Companies argued that "Mr. Weiss has only issued a performance guarantee of obligations of these parties under the amended forbearance agreement, not of the obligations under the loans or any other monies that are owed. This is solely a performance guarantee rather than a payment guarantee." (SUF ¶ 56). Counsel for Weiss personally (counsel of record in this action) also appeared at the hearing and requested, and was granted, the opportunity to argue the identical point. (SUF ¶ 57). Weiss's counsel directed the court to several cases purportedly supporting Weiss's argument that his guarantee did not extend to payment. (SUF ¶ 58).

Having heard and considered argument from both counsel for the George Weiss Companies and Weiss's personal lawyer, the Court issued an order dated September 24, 2024, granting, in large part, Plaintiffs' motion to dismiss. *See GWA, LLC v. Jefferies Strategic Inv., LLC (In re Weiss Multi-Strategy Advisers LLC)*, 2024 WL 4276161, at *39 (Bankr. S.D.N.Y. Sept. 24, 2024). Notably, the Court expressly and unequivocally rejected the argument raised by Weiss, holding that "none of the[] cases [cited by Weiss] make a distinction between a performance guarantee versus a payment guarantee." *Id*. at *28. The Court reasoned:

> [A] strict construction of the 2024 Forbearance Agreement, even in Weiss's favor, ***makes clear that Weiss's performance guarantee was also a guarantee of payment***. Pursuant to section 9 of the . . . Forbearance Agreement, George Weiss personally guaranteed the "performance of the agreements of the [Debtors] hereunder," including taking "all actions within his control . . . to cause such persons to comply with terms of [the] Agreement." . . . These agreements include, among other things, each of the Debtors' (other than GWA's) irrevocable and unconditional guarantee of the "prompt and complete payment and performance by GWA and each other [Debtor] when due . . . of the Guaranteed Obligations . . . until the Guaranteed Obligations are paid in full." . . . "Guaranteed Obligations" is defined under the agreement to encompass "all the obligations of GWA and each other [Debtor] arising under any Note Purchase Agreement, the Notes, the [Strategic Relationship Agreement] and this Agreement," among other things.

*Id.* (emphasis added).

## ARGUMENT

### I. Plaintiffs Have Established Their *Prima Facie* Entitlement to Summary Judgment

In order to establish a *prima facie* entitlement to summary judgment against a guarantor on an absolute guarantee, a lender "need prove no more than an absolute and unconditional guaranty, the underlying debt, and the guarantor's failure to perform under the guarantee." *HSH Nordbank AG v. Street*, 421 Fed. App'x 70, 72 (2d Cir. 2011) (quoting *Kensington House Co. v. Oram*, 293 A.D.2d 304, 305 (1st Dep't 2002)); *see also U.S. Bank N.A. v. Perlmutter (In re S. Side House, LLC)*, 470 B.R. 659, 677 (Bankr. E.D.N.Y. 2012) (same); *TD Bank, N.A. v. Clinton Ct. Dev., LLC*, 105 A.D.3d 1032, 1035 (2d Dep't 2013) (A plaintiff asserts a prima facie case for summary judgment against a guarantor where it "present[s] evidence of the existence of the promissory notes and personal guaranties executed by each of the guarantors with respect to the [relevant loan], and their failure to make payment in accordance with the terms of those instruments.").

There is no dispute that: (i) Weiss "unconditionally and irrevocably personally guarantee[d] . . . the performance of the agreements of, the [George Weiss Companies]" under the Forbearance Agreement (SUF ¶ 26); (ii) at least $95,664,183.00 is due and owing under the Strategic Relationship Agreement, the Notes, and the Note Purchase Agreements (SUF ¶¶ 28–48); and (iii) Weiss has not made payment to Plaintiffs of the amounts owed (SUF ¶¶ 28–48). Plaintiffs have therefore established their *prima facie* entitlement to summary judgment. *See In re S. Side House, LLC*, 470 B.R. at 676 ("When a guarantor has given an unconditional guaranty, its liability is clear as a matter of law." (citations omitted)) (recommending grant of summary judgment against principal of bankrupt company for breaching guaranty of amounts owed by those companies to their largest creditor).

## II. Weiss Cannot Establish Any Defense to His Liability

Weiss's only counter to his liability is to argue that he made no "absolute and unconditional guaranty" to pay the debts of the George Weiss Companies because, his guarantee does not include the word "payment." (*See* ECF No. 15 at 10, 13). As set forth below, that argument fails for several reasons.

### A. Weiss is Collaterally Estopped from Disputing His Payment Obligation

This Court need not even consider the substance of Weiss's argument, since he—and the George Weiss Companies—have already litigated this precise issue and lost. Weiss is therefore barred by the doctrine of collateral estoppel from relitigating that issue here.

In general, a party is collaterally estopped from relitigating: (i) an "issue necessarily decided on the merits in [a] prior suit;" (ii) where they "had a full and fair opportunity to litigate the issue." *Kaplan v. Bennett*, 465 F. Supp. 555, 559 (S.D.N.Y. 1979). Here, both elements of the test are satisfied.

*First*, the Bankruptcy Court specifically decided that Weiss's guarantee was not "solely a performance guarantee rather than a payment guarantee." (SUF ¶ 56; *In re Weiss Multi-Strategy Advisers*, 2024 WL 4276161, at *28). Indeed, in opposing Plaintiffs' motion to dismiss portions of the adversary proceeding, the George Weiss Companies argued that the personal guarantee—as a matter of law—did *not* constitute a payment guarantee. (SUF ¶ 56). Yet the Bankruptcy Court rejected this argument, holding that even "a strict construction of the . . . Forbearance Agreement, [] in Weiss's favor, makes clear that Weiss's performance guarantee was also a guarantee of payment." *In re Weiss Multi-Strategy Advisers*, 2024 WL 4276161, at *28.

*Second*, Weiss "had a full and fair opportunity to litigate the issue" before the Bankruptcy Court. A party has a full and fair opportunity to litigate an issue where the "previous action involve[s] the [same party] or those in privity with them." *Fernicola v. Specific Real Prop. in*

*Possession, Custody, Control of Healthcare Underwriters Mut. Ins. Co.*, 2001 WL 1658257, at *4 (S.D.N.Y. Dec. 26, 2001). A party is in "privity" with a previous litigant where "the relationship between parties is sufficiently close, so as to warrant preclusion," such as "a corporate officer and the entity he or she leads." *Id.*; *see also Wang v. Pataki*, 396 F. Supp. 2d 446, 455 (S.D.N.Y. 2005) (corporation "was in privity with [its chief executive officer and majority shareholder] in the state court proceedings."); *Superior Funding Corp. v. Big Apple Cap. Corp.*, 738 F. Supp. 1468, 1470–71 (S.D.N.Y. 1990) ("The law is well settled that guarantors of payment of a corporate debt, particularly where such guarantors are controlling shareholders, executive officers and directors of that corporation, are parties to and control the lawsuit against the borrower, and had a full and fair opportunity to contest the granting of the judgment, are in privity with the corporate borrower and therefore bound by a judgment against the corporation.").

Here, both Weiss and the George Weiss Companies (which are in privity with Weiss) had a full and fair opportunity to litigate the meaning of the guarantee. Indeed, Weiss's own personal counsel appeared at the motion to dismiss hearing and argued that the guarantee was not a "payment" guarantee. (SUF ¶¶ 57–58). That appearance is more than sufficient to satisfy the "opportunity to litigate" standard. *Cf. Wang*, 396 F. Supp. 2d at 455 (precluding relitigating issue in later case where the defendant's principal made an appearance in prior case). Moreover, the George Weiss Companies also raised the same argument that Weiss raises here. (SUF ¶ 56). And because the George Weiss Companies are controlled by Weiss, their chief executive officer, Weiss is also bound by the ruling issued against his companies. *See, e.g.*, *Fernicola*, 2001 WL 1658257, at *4 (decision in case against corporation precluded relitigating issue in case against its corporate officer); *Wang*, 396 F. Supp. 2d at 455 (corporation was precluded from litigating issue already decided in earlier action against its CEO).

Accordingly, Weiss is collaterally estopped from arguing that he did not issue a payment guarantee, and his arguments to the contrary are precluded here.

### B. Weiss's Guarantee Requires Payment as a Matter of Law

Even if the Court were to consider Weiss's renewed arguments that his guarantee did not impose a payment obligation, Weiss's reading of the guarantee is also contrary to well-settled law.

Under New York law, courts interpret guarantees like any other contract, and in interpreting them, will "look first to the words the parties used." *Louis Dreyfus Energy Corp. v. MG Ref. & Mktg., Inc.*, 2 N.Y.3d 495, 500 (2004). "If the language is plain, it does not become ambiguous because the parties promote different interpretations of it, especially if one interpretation strains the contract language." *Boco Enters., Inc. v. Saastopankkien Keskus-Osaki-Pannki (In re Boco Enters., Inc.)*, 204 B.R. 407, 417 (Bankr. S.D.N.Y. 1997) (granting motion for summary judgment despite guarantor's alternative interpretation of guarantee). And, where a party "guarantee[s] performance of the terms and conditions of the agreement," which terms and conditions "require[] payment . . . , the guarantee must be interpreted as including payment according to and as provided in the agreement." *Am. Trading Co. v. Fish*, 42 N.Y.2d 20, 27–28 (1977).

Here, Weiss specifically guaranteed "the performance of the agreements of, the [George Weiss Companies] hereunder." (SUF ¶ 26). The George Weiss Companies, meanwhile, agreed to guarantee payment of GWA's and WMSA's obligations under the Notes and the Strategic Relationship Agreements. (SUF ¶¶ 24–25). In turn, as a matter of well-settled New York law, Weiss's personal guarantee extends to the George Weiss Companies' payment obligations. *Fish*, 42 N.Y.2d at 27–28 (guarantee of performance "must be interpreted as including payment" where performance obligations included an obligation to pay); *Merch. Cash & Cap., LLC v. Haute Soc'y Fashion, Inc.*, 2017 WL 2912452, at *3 (E.D.N.Y. July 6, 2017) (personal guarantee of

performance included a guarantee of payment despite the lack of explicit language providing for payment because "it would [otherwise] be challenging to prescribe some other meaningful purpose the Guaranty was intended to serve").

**C. Weiss's Affirmative Defenses Fail to Raise Triable Issues of Fact**

Because Plaintiffs have established their "*prima facie* case, [] the burden shifts to the defendant to show the existence of a triable issue of fact with respect to a *bona fide* defense." *In re S. Side House, LLC*, 470 B.R. at 677.

To date, Weiss has articulated no *bona fide* defense to his personal liability. Instead, in his Answer, Weiss has listed a handful of boilerplate "affirmative defenses," none of which is supported by any factual statement at all. (*See* ECF No. 21 at 10–11).

These conclusorily pleaded affirmative defenses do not meet the requirements of Fed. R. Civ. P. 8 and, in turn, should be disregarded. *D.S. America (East), Inc. v. Chromagrafx Imaging Sys., Inc.*, 873 F.Supp. 786, 797–98 (E.D.N.Y. 1995); *Telectronic Proprietary, Ltd., v. Medtronic, Inc.*, 687 F.Supp 832, 841 (S.D.N.Y. 1988) (pleading the word "estoppel" without more was insufficient statement of defense); *Software Publishers Ass'ns v. Scott & Scott, LLP*, 2007 WL 2325585, at *2 (N.D. Tex. 2007) ("[T]he defendant's bald assertions that the plaintiff's claims are barred, in whole or in part 'by the doctrine of waiver, estoppel, and ratification', 'by the doctrine of laches', and due to the plaintiff's 'unclean hands'" warranted that such defenses be "stricken from the answer."); *see also Legal Recovery Assocs. LLC v. Brenes L. Grp., P.C.*, 2023 WL 2253138, at *2 (S.D.N.Y. Feb. 13, 2023) (affirmative defense of "undue influence and duress" stricken because it lacked "any supporting factual allegations"), *report and recommendation adopted*, 2023 WL 2266534 (S.D.N.Y. Feb. 28, 2023).

## CONCLUSION

For the foregoing reasons, the Court should issue an order granting Plaintiffs' motion for summary judgment against Weiss and decree that Plaintiffs are entitled to recover:

- $52,473,259.00, representing amounts it is undisputed are owed under the Strategic Relationship Agreement, which Weiss guaranteed;
- $43,190,924.00, representing amounts it is undisputed are owed under the Notes and Note Purchase Agreements, which Weiss guaranteed; as well as
- An award of attorneys' fees incurred by Plaintiffs in an amount to be determined by the Court upon subsequent application by the Plaintiffs.

Dated: New York, New York
November 5, 2024

Respectfully submitted,

HERBERT SMITH FREEHILLS
NEW YORK LLP
By: /s/ *Scott S. Balber*
Scott S. Balber
Michael P. Jones
Daniel Gomez
200 Park Avenue
New York, New York 10166
Tel: (917) 542-7810
Fax: (917) 542-7601
Email: Scott.Balber@hsf.com
Michael.Jones@hsf.com
Daniel.Gomez@hsf.com

*Attorneys for Plaintiffs*
*Jefferies Strategic Investments, LLC and*
*Leucadia Asset Management Holdings LLC*