UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFERIES STRATEGIC INVESTMENTS, LLC and LEUCADIA ASSET MANAGEMENT HOLDINGS LLC,<br><br>                           Plaintiffs,<br><br>                         -against-<br><br>GEORGE WEISS,<br><br>                           Defendant. | Case No. 1:24-cv-04369-AKH |

**DEFENDANT WEISS'S RESPONSE TO
JEFFERIES LOCAL RULE 56.1 STATEMENT**

Pursuant to Local Civil Rule 56.1(b) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, defendant George Weiss, by and through his undersigned counsel, submits this response to plaintiffs Jefferies Strategic Investments, LLC's ("JSI") and Leucadia Asset Management Holdings LLC's ("LAM Holdings," and with JSI, "Plaintiffs") statement of material facts (ECF No. 31).

**I.    George Weiss's Control Over the George Weiss Companies**

1.    Defendant George Weiss ("Weiss") is the manager of Weiss Family Interests LLC. Balber Decl. Ex. 18 at 6.[1]

Response:    Undisputed.

2.    Weiss is the manager of Benjamin Penn LLC. *Id.*

Response:    Undisputed.

3.    Weiss is the trustee of the George A. Weiss Revocable Trust. *Id.*

---

[1] "Balber Decl." refers to the Declaration of Scott S. Balber in Support of Plaintiffs' Motion for Summary Judgment. References to "Ex.   " refer to the exhibits to the Balber Decl.

Response: Undisputed.

4. Weiss is the manager of GWA, LLC ("GWA"). *Id.*

Response: Undisputed.

5. GWA is owned by the following entities and individuals, in the following percentages: (i) Weiss Family Interests LLC (15.9%); (ii) Benjamin Penn LLC (15.9%); (iii) George A. Weiss Revocable Trust (23.8%); and (iv) a certain number of employees of WMSA (44.4%). Balber Decl. Ex. 6 ¶ 12.

Response: Discovery has not occurred in this case and so Mr. Weiss cannot confirm or deny the facts in this paragraph. Mr. Weiss confirms, however, that the cited Declaration of Pierce Archer states the assertions made in this paragraph.

6. GWA is the parent (in whole or in part) of Weiss Multi-Strategy Advisers LLC ("WMSA"), Weiss Multi-Strategy Funds, LLC ("WMSF"), OGI Associates, LLC ("OGI"), Weiss Special Operations LLC ("WSPO," collectively with GWA, WMSA, WMSF, and OGI the "George Weiss Companies"). *Id.* ¶¶ 12–15.

Response: Discovery has not occurred in this case and so Mr. Weiss cannot confirm or deny the facts in this paragraph. Mr. Weiss confirms, however, that the cited Declaration of Pierce Archer states that WMSA, WMSF, OGI, and WSPO are owned, wholly or in part, by GWA.

7. Weiss is the Chairman and Chief Executive Officer of WMSA. *See* Balber Decl. Ex. 6 ¶ 16.

Response: Undisputed.

8. Weiss is the manager of WSPO. Balber Decl. Ex. 18 at 6.

Response: Undisputed.

**II.      The George Weiss Companies Enter Into Agreements with Plaintiffs**

9.      On or about May 1, 2018, LAM Holding LLC and GWA entered into a Strategic Relationship Agreement dated as of (as amended, the "Strategic Relationship Agreement"). Balber Decl. Ex. 1-A.

Response:     Undisputed.

10.     Section 1(a) of the Strategic Relationship Agreement provides: "LAM shall have a right to receive the Profit Share Percentage of the Company Profits for the Profit Share Period (the 'Profit Share Amount'). The Profit Share Amount shall be calculated and paid in accordance with the terms of this Section 1." *Id.* § 1(a).

Response:     Undisputed that Balber Decl. Ex. 1-A contains the quoted language in Section 5(a).

11.     Section 1(b) of the Strategic Relationship Agreement provides: "LAM shall have a perpetual right to receive the Revenue Share Percentage of the Company Revenues for each Revenue Share Period (the 'Revenue Share Amount'). The Revenue Share Amount shall be calculated and paid in accordance with the terms of this Section 1." *Id.* § 1(b).

Response:     Undisputed that Balber Decl. Ex. 1-A contains the quoted language in Section 1(b).

12.     Under Section 5(b) of the Strategic Relationship Agreement, GWA agreed to "indemnify and hold harmless LAM and each of its Affiliates and their respective directors, officers, employees, agents and representatives . . . to the fullest extent permitted by law from and against any and all costs, losses, Claims, Taxes incurred, damages, liabilities and expenses, including reasonable costs of investigation and defense, and reasonable attorneys' fees and expenses . . . incurred by the Indemnified Party as a result of, in connection with, or related to this Agreement . . . ." *Id.* § 5(b).

<u>Response</u>:   Undisputed that Balber Decl. Ex. 1-A contains the quoted language in Section 5(b), as modified by Plaintiffs.

13.   On or about October 18, 2018, LAM Holding LLC assigned all of its rights under the Strategic Relationship Agreement to LAM Holdings, pursuant to an Assignment and Assumption Agreement. Balber Decl. Ex. 1-I at 1; Balber Decl. Ex. 6 ¶ 26.

<u>Response</u>:   Discovery has not occurred in this case and so Mr. Weiss cannot confirm or deny the facts in this paragraph. Mr. Weiss confirms, however, that the cited paragraphs of the Forbearance Agreement and the Declaration of Pierce Archer states LAM Holding LLC assigned its rights under the Strategic Relationship Agreement to Jefferies Asset Management Holdings LLC and that Jefferies Asset Management Holdings LLC later changed its name to Leucadia Asset Management Holdings LLC.

14.   On or about December 3, 2019, GWA, WMSA, and JFG Funding LLC, entered into a Note Purchase Agreement (as amended, the "2019 Note Purchase Agreement"). Balber Decl. Ex. 1-B.

<u>Response</u>:   Undisputed.

15.   The 2019 Note Purchase Agreement provides, in part, that "the Company [GWA, LLC] will pay to each holder of a Note, on demand, such further amount as shall be sufficient to cover all costs and expenses of such holder incurred in any enforcement or collection . . . including reasonable attorneys' fees, expenses and disbursements." *Id.* § 10.3.

<u>Response</u>:   Undisputed that Balber Decl. Ex. 1-B contains the quoted language in Section 10.3, as modified by Plaintiffs.

16.   On or about December 3, 2019, GWA issued a $31,250,000 Note to JSI. Balber Decl. Ex. 1-D.

<u>Response</u>:   Undisputed.

17.   On or about January 13, 2020, GWA issued a $18,750,000 Note to JSI. Balber Decl. Ex. 1-C.

<u>Response</u>:   Undisputed.

4

18. On December 1, 2021, JFG Funding LLC and JSI entered into an Assignment and Assumption Agreement. Balber Decl. Ex. 1-E.

Response: Undisputed.

19. GWA, WMSA, and JSI entered into a Note Purchase Agreement dated as of September 21, 2022 (as amended, the "2022 Note Purchase Agreement" and collectively with the 2019 Note Purchase Agreement, the "Note Purchase Agreements"). Balber Decl. Ex. 1-F.

Response: Mr. Weiss admits that Balber Decl. Ex. 1-F is a September 21, 2022 Note Purchase Agreement between GWA, WMSA, and JSI. Paragraph 19 includes references to unidentified amendments to the September 21, 2022 Note Purchase Agreement but provides no evidentiary support for those amendments. As such, Mr. Weiss does not admit or deny any facts regarding any unidentified amendment of the September 21, 2022 Note Purchase Agreement.

20. The 2022 Note Purchase Agreement provides, in part, that "the Company [GWA, LLC] will pay to each holder of a Note, on demand, such further amount as shall be sufficient to cover all costs and expenses of such holder incurred in any enforcement or collection . . . including reasonable attorneys' fees, expenses and disbursements." *Id.* § 10.3.

Response: Mr. Weiss admits that Balber Decl. Ex. 1-F includes the quoted language in Section 10.3, as modified by Plaintiffs.

21. On or about September 21, 2022, GWA issued a $3,000,000 Note to JSI. Balber Decl. Ex. 1-G.

Response: Undisputed.

### III. Weiss and the George Weiss Companies Enter Into the Forbearance Agreement

22. On December 21, 2023, JSI sent a document titled "Notice of Optional Redemption" to GWA. Balber Decl. Ex. 1-H.

Response: Undisputed.

23. On February 12, 2024, Weiss and the George Weiss Companies executed a forbearance agreement (the "Forbearance Agreement"). Balber Decl. Ex. 1-I.

Response: Disputed. First, Balber Decl. Ex. 1-I is unsigned by any party. Second, as described in further detail in Mr. Weiss's Summary Judgment papers, Mr. Weiss executed a version of the Forbearance Agreement that contained material modifications to that agreement which Plaintiffs rejected. Declaration of Jeffrey Dillabough ¶¶ 17-18, 24-27 (ECF No. 28); Dillabough Decl. Exs. 2-5 (ECF Nos. 28-2, 28-3, 28-4, 28-5).

24. Section 3(a) of the Forbearance Agreement provides as follows: "Each Weiss Party (other than GWA) . . . irrevocably and unconditionally guarantees to each of JSI and LAM Holdings . . . and their successors, transferees and assigns as a primary obligor the prompt and complete payment and performance by GWA and each other Weiss Party when due (whether at the stated maturity, by acceleration or otherwise) of the Guaranteed Obligations (as herein defined)." *Id.* § 3.

Response: Undisputed that Balber Decl. Ex. 1-I includes the quoted language in Section 3(a), as modified by the Plaintiffs. Mr. Weiss clarifies, however, the Mr. Weiss is not a "Weiss Party" as defined in Balber Decl. Ex. 1-I.

25. The Guaranteed Obligations included, *inter alia*, "all the obligations of GWA and each other Weiss Party arising under any Note Purchase Agreement, the Notes, the SR Agreement and this Agreement . . . ." *Id.*

Response: Undisputed that Balber Decl. Ex. 1-I includes the quoted language in Section 3(a), as modified by the Plaintiffs. Mr. Weiss clarifies, however, the Mr. Weiss is not a "Weiss Party" as defined in Balber Decl. Ex. 1-I.

26. Section 9 of the Forbearance Agreement provides that:

> Weiss unconditionally and irrevocably personally guarantees to the Jefferies Entities the accuracy of the representations made by, and the performance of the agreements of, the Weiss Parties hereunder. Weiss further agrees that he shall take all actions within his control, including by exercising all of his voting, governance, management and other rights and powers with respect to each of the other Weiss Parties, any of their subsidiaries and any of his personal or his family's trusts to cause such persons to comply with the terms of this Agreement.

*Id.* § 9.

6

Response:    Undisputed that Balber Decl. Ex. 1-I includes the quoted language in Section 9.

**IV.    The George Weiss Companies File for Bankruptcy**

27.    On April 29, 2024, GWA, WMSA, WSPO, and OGI filed voluntary petitions for relief pursuant to Chapter 11 of the United States Bankruptcy Code. Balber Decl. Exs. 2–5.

Response:    Disputed to the extent that no voluntary petition for relief pursuant to Chapter 11 of the United States Bankruptcy Code for WMSA was attached as an exhibit to the Balber Decl. Exhibit 2 is not a voluntary petition for relief pursuant to Chapter 11 of any of GWA, WMSA, WSPO, or OGI. Balber Decl. Ex. 2 is a voluntary petition for relief of WMSF, dated June 19, 2024. Otherwise, undisputed.

28.    On or about June 11, 2024, WMSA filed a List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (the "WMSA Statement"). The WMSA Statement reflects that WMSA owes LAM Holdings $52,473,259.00." Balber Decl. Ex. 7.

Response:    Disputed. Balber Decl. Ex. 7 only shows that LAM Holdings had a disputed claim of $52,473,259.00.

29.    Those amounts are owed to LAM Holdings pursuant to the Strategic Relationship Agreement. *See* Balber Decl. Ex. 1-A, Balber Decl. Ex. 7.

Response:    Disputed. Balber Decl. Ex. 7 only shows that LAM Holdings had a disputed claim to WMSA's assets, it does not identify the origin of said claim.

30.    The WMSA Statement further reflects that WMSA owes JSI $43,190,924.00. Balber Decl. Ex. 7.

Response:    Disputed. Balber Decl. Exhibit 7 only shows that JSI had a disputed claim of $43,190,924.00.

31.    Those amounts are owed to JSI under the Notes. *See* Balber Decl. Exs. 1-C, 1-D, 1-G; Balber Decl. Ex. 7.

Response:    Disputed. Balber Decl. Ex. 7 only shows that JSI had a disputed claim to WMSA's assets, it does not identify the origin of said claim.

32. On or about June 11, 2024, GWA filed a List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (the "GWA Statement"). The GWA Statement reflects that GWA owes LAM Holdings $52,473,259.00. Balber Decl. Ex. 8.

<u>Response</u>: Disputed. Balber Decl. Ex. 8 only shows that LAM Holdings had a disputed claim of $52,473,259.00.

33. Those amounts are owed to LAM Holdings pursuant to the Strategic Relationship Agreement. *See* Balber Decl. Ex. 1-A, Balber Decl. Ex. 8.

<u>Response</u>: Disputed. Balber Decl. Ex. 8 only shows that LAM Holdings had a disputed claim to GWA's assets, it does not identify the origin of said claim.

34. The GWA Statement further reflects that GWA owes JSI $43,190,924.00. Balber Decl. Ex. 8.

<u>Response</u>: Disputed. Balber Decl. Ex. 8 only shows that JSI had a disputed claim of $43,190,924.00.

35. Those amounts are owed to JSI under the Notes. *See* Balber Decl. Exs. 1-C, 1-D, 1-G; Balber Decl. Ex. 8.

<u>Response</u>: Disputed. Balber Decl. Ex. 8 only shows that JSI had a disputed claim to GWA's assets, it does not identify the origin of said claim.

36. On or about June 11 2024, OGI filed a List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (the "OGI Statement"). The OGI Statement reflects that OGI owes LAM Holdings $52,473,259.00. Balber Decl. Ex. 9.

<u>Response</u>: Disputed. Balber Decl. Ex. 9 only shows that LAM Holdings had a disputed claim of $52,473,259.00.

37. Those amounts are owed to LAM Holdings pursuant to the Strategic Relationship Agreement. *See* Balber Decl. Ex. 1-A, Balber Decl. Ex. 9.

<u>Response</u>: Disputed. Balber Decl. Ex. 9 only shows that LAM Holdings had a disputed claim to OGI's assets, it does not identify the origin of said claim.

38. The OGI Statement further reflects that OGI owes JSI $43,190,924.00. Balber Decl. Ex. 9.

Response: Disputed. Balber Decl. Ex. 9 only shows that JSI had a disputed claim of $43,190,924.00.

39. Those amounts are owed to JSI under the Notes. *See* Balber Decl. Exs. 1-C, 1-D, 1-G; Balber Decl. Ex. 9.

Response: Disputed. Balber Decl. Ex. 9 only shows that JSI had a disputed claim to OGI's assets, it does not identify the origin of said claim.

40. On or about June 11, 2024, WSPO filed a List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (the "WSPO Statement"). The WSPO Statement reflects that WSPO owes LAM Holdings $52,473,259.00. Balber Decl. Ex. 10.

Response: Disputed. Balber Decl. Ex. 10 only shows that LAM Holdings had a disputed claim of $52,473,259.00.

41. Those amounts are owed to LAM Holdings pursuant to the Strategic Relationship Agreement. *See* Balber Decl. Ex. 1-A, Balber Decl. Ex. 10.

Response: Disputed. Balber Decl. Ex. 10 only shows that LAM Holdings had a disputed claim to WSPO's assets, it does not identify the origin of said claim.

42. The WSPO Statement further reflects that WSPO owes JSI $43,190,924.00. Balber Decl. Ex. 10.

Response: Disputed. Balber Decl. Ex. 10 only shows that JSI had a disputed claim of $43,190,924.00.

43. Those amounts are owed to JSI under the Notes. *See* Balber Decl. Exs. 1-C, 1-D, 1-G; Balber Decl. Ex. 10.

Response: Disputed. Balber Decl. Ex. 10 only shows that JSI had a disputed claim to WSPO's assets, it does not identify the origin of said claim.

44. On June 19, 2024, WMSF filed a voluntary petition for relief pursuant to Chapter 11 of the United States Bankruptcy Code. Balber Decl. Ex. 11.

Response: Undisputed, however, Mr. Weiss notes that WMSF's voluntary petition for relief pursuant to Chapter 11 of the United States Bankruptcy Code is Balber Decl. Ex. 2, not Balber Decl. Ex. 11.

45. On or about June 28, 2024, WMSF filed the Global Notes, Methodology and Specific Disclosures Regarding WMSF's Schedules of Assets and Liabilities and Statement of Financial Affairs (the "WMSF Statement"). The WMSF Statement reflects that WMSF owes LAM Holdings $52,473,259.00. Balber Decl. Ex. 12.

Response: Disputed. Balber Decl. Ex. 12 only shows that LAM Holdings had a disputed claim of $52,473,259.00.

46. Those amounts are owed to LAM Holdings pursuant to the Strategic Relationship Agreement. *See* Balber Decl. Ex. 1-A, Balber Decl. Ex. 12.

Response: Disputed. Balber Decl. Ex. 12 only shows that LAM Holdings had a disputed claim to WMSF's assets, it does not identify the origin of said claim.

47. The WMSF Statement further reflects that WMSF owes JSI $43,190,924.00. Balber Decl. Ex. 12.

Response: Disputed. Balber Decl. Ex. 12 only shows that JSI had a disputed claim of $43,190,924.00.

48. Those amounts are owed to JSI under the Notes. *See* Balber Decl. Exs. 1-C, 1-D, 1-G; Balber Decl. Ex. 12.

Response: Disputed. Balber Decl. Ex. 10 only shows that JSI had a disputed claim to WMSF's assets, it does not identify the origin of said claim.

**V.    The Bankruptcy Court Rejects Weiss's Arguments**

49. On April 29, 2024, GWA, WMSA, WSPO, and OGI commenced an adversary proceeding against the Jefferies Parties captioned *GWA, LLC et al v. Jefferies Strategic Investments, LLC et al.*, No. 24-01350 (MG). Balber Decl. Ex. 13.

Response: Undisputed.

10

50. On June 25, 2024, the George Weiss Companies filed an amended complaint in the Adversary Proceeding. Balber Decl. Ex. 14.

Response:   Undisputed.

51. On July 16, 2024, Plaintiffs moved to dismiss the George Weiss Companies' amended complaint in part. *See* Balber Decl. Ex. 15.

Response:   Undisputed

52. On August 6, 2024, the George Weiss Companies filed an opposition to the Plaintiffs' motion to dismiss. *See* Balber Decl. Ex. 16.

Response:   Undisputed

53. In that opposition, the George Weiss Companies stated, in part:

> Weiss . . . agreed to provide, at most, a guarantee of 'performance of the agreements of the Weiss Parties' under the Amended Forbearance Agreement. He did not guarantee any payments by the Debtors.

*Id.* at 13.

Response:   Undisputed that full paragraph quoted by Plaintiffs, and the only discussion in the Opposition at all regarding Mr. Weiss's alleged personal guarantee, is:

> "The remaining argument is focused on non-debtor George Weiss ("Weiss"). Wiess, the founder of the Debtors, was not a party to the original agreements with Defendants. Weiss signed the Amended Forbearance Agreement only under duress and agreed to provide, at most, a guarantee of 'performance of the agreements of the Weiss Parties' under the Amended Forbearance Agreement. He did not guarantee any payments by the Debtors. Even under Defendants' tortured (and incorrect) interpretation of the Amended Forbearance Agreement, if the guarantee is avoid, there is no 'performance' required.

54. On September 11, 2024, the Bankruptcy Court held a hearing on the Plaintiffs' (defendants in the adversary proceeding) motion to dismiss. Balber Decl. Ex. 17.

Response:   Undisputed

55. During that hearing, the Bankruptcy Court asked:

> Why wouldn't the agreement of Mr. Weiss to guarantee some or all of the debt stand, whether or not the remainder of the forbearance agreement, at least insofar as the Debtors are concerned, would fall? I mean, it's, you know, one of the things I've seen multiple times over the years is that a creditor will often be willing to forbear if it obtains a guarantee from a non-debtor principal. And that's what this is.

*Id.* 20:10–17.

Response: Undisputed.

56. In response, counsel for the George Weiss Companies argued that:

> Mr. Weiss has only issued a performance guarantee of obligations of these parties under the amended forbearance agreement, not of the obligations under the loans or any other monies that are owed. This is solely a performance guarantee rather than a payment guarantee.

*Id.* 20:18–21:12; 25:22–25.

Response: Undisputed that this response can be found in Balber Decl. Ex. 17 at 20:20-25. Disputed as to unquoted citations' relevance.

57. Weiss's personal counsel, who is also representing Weiss in this matter, appeared at the hearing on the motion to dismiss. *Id.* 45:5–15.

Response: Undisputed that Ms. Rice, counsel to Mr. Weiss, spoke briefly at the hearing on the motion to dismiss.

58. At the hearing, Weiss's counsel stated:

> The case in the federal court is in front of Judge Alvin Hellerstein and I will give you a few case cites that you requested of Mr. Jureller. The Caldor Inc. v. Mattel, 817 F.Supp. 408; Key Bank of Long Island v. Burns, 162 A.D.2d 501; and Solco, S-O-L-C-O, Plumbing Supply Inc. v. Hart, 123 A.D.3d 798.

*Id.* 49:10–15.

Response: Undisputed that Ms. Rice answered two questions from the Court: she listed certain cases as requested from Counsel for the George Weiss Companies and explained

12

the procedural posture of the instant matter. Undisputed that that was the extent of her participation in the hearing. *Id.* 27:20-28:11; 49:8-22.

## VI. **Additional Undisputed Facts**

59.   On August 16, 2024, Plaintiffs submitted their Reply Brief in further support of their motion to dismiss.  Katz Decl. Ex. A.

60.   On September 24, 2024, the Bankruptcy Court granted-in-part and denied-in-part Jefferies' motion to dismiss in a memorandum opinion and order.  Katz Decl. Ex. B.

61.   On November 21, 2024, Chris K. Kiplok, the Examiner appointed in *In re Weiss Multi-Strategy Advisers, LLC,* Case No 24-10745 (MG) filed his Report.  Katz Decl. Ex. C.

Dated: New York, New York
November 22, 2024

              KAPLAN RICE LLP

              By: */s/ Howard Kaplan*
                 Howard Kaplan
                 Michelle Rice
                 142 West 57th Street
                 Suite 4A
                 New York, New York 10019
                 (212) 235-0300

              OLSHAN FROME WOLOSKY LLP

              By: */s/ Brian A. Katz*
                 Brian A. Katz
                 Daniel M. Stone
                 1325 Avenue of the Americas
                 New York, New York 10019
                 (212) 451-2300

              *Attorneys for George Weiss*

12699659-1