**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JEFFERIES STRATEGIC INVESTMENTS, LLC
and LEUCADIA ASSET MANAGEMENT
HOLDINGS LLC,

                    Plaintiffs,

        -against-

GEORGE WEISS,

                 Defendant.

Case No. 1:24-cv-04369-AKH

**JEFFERIES STRATEGIC INVESTMENTS, LLC**
**AND LEUCADIA ASSET MANAGEMENT HOLDINGS LLC'S REPLY**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ......................................................................................................................... 3

    I.    The Forbearance Agreement is Enforceable Against Weiss ........................................ 3

            A.    Weiss is Collaterally Estopped from Disputing
the Enforceability of the Forbearance Agreement ........................................ 3

            B.    The Evidence Establishes Plaintiffs'
Acceptance of the Forbearance Agreement ................................................... 5

    II.    Weiss Personally Guaranteed His Companies' Payment Obligations ......................... 8

            A.    Weiss is Collaterally Estopped
from Disputing His Payment Obligation ....................................................... 8

            B.    The Guarantee Requires Payment as a Matter of Law ................................. 15

    III.    Weiss's Boilerplate Affirmative Defenses Fail to Raise an Issue of Fact ................. 18

CONCLUSION ................................................................................................................... 21

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alessi Equip., Inc. v. Am. Piledriving Equip., Inc.*,
  578 F. Supp. 3d 467 (S.D.N.Y. 2022) ................................................................. 5, 6

*Am. Trading Co. v. Fish*,
  42 N.Y.2d 20 (1977).................................................................................. 15, 17

*Asesores y Consejeros Aconsec CIA, S.A. v. Glob. Emerging Mkts. N. Am., Inc.*,
  841 F. Supp. 2d 762 (S.D.N.Y. 2012) ..................................................................... 7

*Bristol Inv. Fund, Inc. v. Carnegie Int'l Corp.*,
  310 F. Supp. 2d 556 (S.D.N.Y. 2003) ................................................................... 18

*Brooklyn Union Gas Co. v. Exxon Mobil Corp.*,
  478 F. Supp. 3d 417 (E.D.N.Y. 2020) ................................................................... 19

*Cerny v. Rayburn*,
  972 F. Supp. 2d 308 (E.D.N.Y. 2013) ..................................................................... 9

*Cestaro v. Prohaska*,
  681 F. Supp. 3d 121 (S.D.N.Y. 2023) ................................................................... 18

*EDP Med. Comput. Sys., Inc. v. U.S.*,
  2005 WL 3117433  (E.D.N.Y. 2005) ................................................................. 13, 14

*Eldor Contracting Corp. v. Cnty. of Nassau*,
  272 A.D.2d 509 (2d Dep't 2000)........................................................................... 7

*Fernicola v. Specific Real Prop. in Possession,
  Custody, Control of Healthcare Underwriters Mut. Ins. Co.*,
  2001 WL 1658257 (S.D.N.Y. Dec. 26, 2001) ........................................................... 5

*Gache v. Hill Realty Assocs., LLC*,
  2014 WL 5048336 (S.D.N.Y. 2014) ................................................................. 13, 14

*GWA, LLC v. Jefferies Strategic Inv., LLC (In re Weiss Multi-Strategy Advisers LLC)*,
  2024 WL 4276161 (Bankr. S.D.N.Y. Sept. 24, 2024)........................................*passim*

*Hickerson v. City of N.Y.*,
  146 F.3d 99 (2d Cir. 1998) ............................................................................... 13

*Interpharm, Inc. v. Wells Fargo Bank, Nat. Ass'n*,
  655 F.3d 136 (2d Cir. 2011) ............................................................................. 20

*Katchen v. Landy*,
    382 U.S. 323 (1966) ...................................................................................... 13

*LaFleur v. Whitman*,
    300 F.3d 256 (2d Cir. 2002) ........................................................................ 10

*Legal Recovery Assocs. LLC v. Brenes L. Grp., P.C.*,
    2023 WL 2253138 (S.D.N.Y. Feb. 13, 2023) ............................................. 19

*Lenzi v. L.L. Bean, Inc.*,
    2023 WL 8237484 (W.D.N.Y. Nov. 28, 2023) ........................................... 18

*Mathias v. Jacobs*,
    167 F. Supp. 2d 606 (S.D.N.Y. 2001) ........................................................ 21

*Merch. Cash & Cap., LLC v. Haute Soc'y Fashion, Inc.*,
    2017 WL 2912452 (E.D.N.Y. July 6, 2017).......................................... 15, 17

*Montana v. United States*,
    440 U.S. 147 (1979) ...................................................................................... 9

*Muscatello v. Artco Chem. Inc.*,
    251 A.D.2d 882 (3d Dep't 1998).................................................................. 6

*Nat. Sch. Rep. Servs., Inc. v. Nat. Sch. of Cal., Ltd.*,
    924 F. Supp. 21 (S.D.N.Y. 1996) .............................................................. 20

*Nycal Corp. v. Inoco PLC*,
    968 F. Supp. 147 (S.D.N.Y. 1997) ............................................................ 11

*O'Toole v. McTaggart (In re Trinsum Group, Inc.)*,
    467 B.R. 734 (Bankr. S.D.N.Y. 2012) ...................................................... 12

*Quadrant Structured Prod. Co. v. Vertin*,
    23 N.Y.3d 549 (2014)................................................................................. 17

*Republic of Ecuador v. Chevron Corp.*,
    638 F.3d 384 (2d Cir. 2011) ........................................................................ 3

*Richards v. Jefferson Cnty.*,
    517 U.S. 793 (1996) .................................................................................... 14

*Roche Diagnostics GmbH v. Enzo Biochem, Inc.*,
    992 F. Supp. 2d 213 (S.D.N.Y. 2013) ........................................................ 15

*Savignano v. Play*,
    210 A.D.3d 1228 (3d Dep't 2022)................................................................ 7

*Sterling Investor Servs., Inc. v. 1155 Nobo Assocs., LLC,*
    30 A.D.3d 579 (2d Dep't 2006) ............................................................. 17

*Stern v. Marshall,*
    564 U.S. 462 (2011) ............................................................................. 12

*Superior Funding Corp. v. Big Apple Cap. Corp.,*
    738 F. Supp. 1468 (S.D.N.Y. 1990) .................................................... 15

*Taub v. Hershkowitz (In re Taub),*
    421 B.R. 93 (Bankr. E.D.N.Y. 2009) ................................................... 14

*Taylor v. Sturgell,*
    553 U.S. 880 (2008) ............................................................................. 14

*Tucker Leasing Cap. Corp. v. Pizzuti Dev., Inc.,*
    1992 WL 554186 (E.D.N.Y. Jan. 7, 1992) .......................................... 18

*TufAmerica, Inc. v. Codigo Music LLC,*
    162 F. Supp. 3d 295 (S.D.N.Y. 2016) ................................................. 21

*U.S. Bank N.A. v. Perlmutter*
*(In re S. Side House, LLC),*
    470 B.R. 659 (Bankr. E.D.N.Y. 2012) ................................................... 1

*U.S. Tr. Co. of N.Y. v. Sec. Planners, Inc.,*
    238 A.D.2d 114 (1st Dep't 1997) ........................................................ 16

*VNB N.Y. Corp. v Chatham Partners, LLC,*
    125 A.D.3d 517 (1st Dep't 2015) ........................................................ 16

*Wang v. Pataki,*
    396 F. Supp. 2d 446 (S.D.N.Y. 2005) ................................................... 5

*Winters v. Lavine,*
    574 F.2d 46 (2d Cir. 1978) .................................................................. 11

*Wu v. Lin (In re Qiao Lin),*
    576 B.R. 32 (Bankr. E.D.N.Y. 2017) ................................................. 5, 9

*Yeiser v. GMAC Mortg. Corp.,*
    535 F. Supp. 2d 413 (S.D.N.Y. 2008) ................................................. 10

*Zherka v. City of N.Y.,*
    459 F. App'x 10 (2d Cir. 2012) .......................................................... 4, 9

Plaintiffs, by and through their undersigned counsel, respectfully submit this reply memorandum of law in support of their motion for summary judgment (ECF No. 29; the "Motion") against defendant George Weiss.[1]

## PRELIMINARY STATEMENT

Weiss fails to set forth any genuine issue of material fact that would preclude summary judgment. The following facts established by Plaintiffs are undisputed:

(i)    Weiss accepted and signed the Forbearance Agreement, pursuant to which he "unconditionally and irrevocably personally guarantee[d] . . . the performance of the agreements of, the [George Weiss Companies]" under the Forbearance Agreement (*Cf.* Weiss CSUF ¶ 26);[2]

(ii)    at least $95,664,183.00 is due and owing by the George Weiss Companies under their agreements with Plaintiffs (Weiss CSUF ¶¶ 28–48); and

(iii)    Weiss has not paid to Plaintiffs any of the amounts owed (Weiss CSUF ¶¶ 28–48).

Weiss nowhere contests these facts and therefore, as a matter of law, Plaintiffs have made a *prima facie* showing that they are entitled to summary judgment against Weiss on their breach of guarantee claim. (*See generally* Opening Brief at 7). Thus, Weiss bears the burden to establish—through the submission of admissible evidence—that there is at least a triable issue of fact that could support some *bona fide* defense. (*Id.* at 11 (citing *U.S. Bank N.A. v. Perlmutter (In re S. Side House, LLC)*, 470 B.R. 659, 677 (Bankr. E.D.N.Y. 2012))). Weiss has failed to do so.

---

[1]    Capitalized terms not otherwise defined herein have the meanings set forth in Plaintiffs' memorandum of law in support of motion for summary judgment (ECF No. 32; the "Opening Brief").

[2]    "Weiss CSUF" refers to the Defendant Weiss's Response to Jefferies Local Rule 56.1 Statement (ECF No. 34).

Instead, Weiss's Opposition raises three arguments, not one of which meets his burden.[3]

*First*, Weiss contends that he has introduced sufficient evidence to establish that Plaintiffs—who are seeking to enforce the Forbearance Agreement—"rejected" that same agreement. However, the record unequivocally shows, and the Bankruptcy Court already held, that Plaintiffs accepted the Forbearance Agreement through their objective actions, including by filing U.C.C. financing statements which perfected security interests granted to them in the Forbearance Agreement. Weiss is bound by the Forbearance Agreement as a matter of law.

*Second*, Weiss argues that the Forbearance Agreement does not contain a "payment guarantee." However, under well-settled New York law, a personal guarantee of "performance"—like the one here—extends to the performance of any underlying payment obligation. For that very reason, the Bankruptcy Court rejected Weiss and the George Weiss Companies' prior attempts to raise this identical argument as well. There is no genuine issue of material fact as to whether Weiss guaranteed the payment obligations of the George Weiss Companies.

*Third*, Weiss cites—without specificity—to ten boilerplate and factually unsupported affirmative defenses, and asserts that they create an issue of fact. (ECF No. 21 at 10–11). But setting aside that these affirmative defenses were inadequately pleaded (and in turn, cannot serve as a basis for denying Plaintiffs' summary judgment motion), Weiss also does not proffer any admissible evidence that would give rise to a genuine issue of material fact.

Accordingly, this Court should grant summary judgment in favor of Plaintiffs.

---

[3]     "Opposition" or "Opp." refers to Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment (ECF No. 33).

## **ARGUMENT**

### I.    **The Forbearance Agreement is Enforceable Against Weiss**

It is not disputed that Weiss accepted and signed the Forbearance Agreement that Plaintiffs seek to enforce against him.  (CSUF ¶ 35).[4]  Nevertheless, Weiss claims that summary judgment should be denied, futilely arguing that because Plaintiffs did not sign the Forbearance Agreement, Plaintiffs have "not established the existence of a mutually-agreed upon enforceable contract." (Opp. at 13).  This argument fails for two distinct reasons.

#### A.    **Weiss is Collaterally Estopped from Disputing the Enforceability of the Forbearance Agreement**

The doctrine of collateral estoppel applies whenever "'(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits.'"  (Opp. at 15 (quoting, *inter alia*, *Republic of Ecuador v. Chevron Corp.*, 638 F.3d 384, 400 (2d Cir. 2011))).

Each of these elements are clearly met with respect to the Bankruptcy Court's decision regarding the enforceability of the Forbearance Agreement.

*First*, despite Weiss's uncited contention that "the Bankruptcy Court 'did not decide . . . whether the Forbearance Agreement is enforceable'" (Opp. at 15), the identical issue was raised before, and decided by, the Bankruptcy Court.  Specifically, in an adversary proceeding commenced by the George Weiss Companies against Plaintiffs, the companies argued that the Forbearance Agreement "is null and void, and unenforceable" because Plaintiffs:  (i) "never execut[ed] and return[ed] the . . . Forbearance Agreement," and (ii) sent a letter indicating that

---

[4]        "CSUF" refers to the Plaintiffs' Responses to Defendant George Weiss's Statement of Material Facts Pursuant to Local Rule 56.1 (ECF No. 36).

they "did not agree with certain" of the terms contained therein (CSUF ¶ 113), and further "indicated that they had no intention of complying" with the Forbearance Agreement (Balber Decl. Ex. 14 ¶ 120).[5]  That is *identical* to Weiss's current contention, in which Weiss argues that the Forbearance Agreement is not an "enforceable contract" because:  (i) it is "unsigned"; and (ii) Plaintiffs sent a letter which purportedly "rejected" the Forbearance Agreement "because it did not contain certain 'required' admissions from . . .Weiss."  (Opp. at 14; CSUF ¶ 60).

*Second*, the issue was "actually litigated and decided in the previous proceeding" because the Bankruptcy Court expressly considered and rejected Weiss's argument.  Specifically, the Bankruptcy Court held that—because the Weiss Companies admitted (as Weiss does here) that Plaintiffs:  (i) "filed UCC-1 financing statements to perfect the security interests granted under the" Forbearance Agreement; and (ii) refrained from bringing suit until "after they fulfilled their agreement to forbear"—Plaintiffs' "'objective' actions" showed "that they intended to be bound by the" Forbearance Agreement.  *GWA, LLC v. Jefferies Strategic Inv., LLC (In re Weiss Multi-Strategy Advisers LLC)*, 2024 WL 4276161, at *24–25 (Bankr. S.D.N.Y. Sept. 24, 2024) (internal quotations omitted).  And because "[t]he issues presented [before the Bankruptcy Court] are substantially the same as those presented" here, Weiss is precluded from raising them again. *Zherka v. City of N.Y.*, 459 F. App'x 10, 13 (2d Cir. 2012).

*Third*, Weiss had a "full and fair opportunity" to litigate this issue.  Weiss's Opposition does not even contest his opportunity to litigate this issue.  (*See* Opp. at 14–15).  Nor could Weiss do so, as he admits that both his personal counsel—as well as counsel to the George Weiss Companies that he controls—appeared and argued before the Bankruptcy Court.  (Weiss CSUF ¶¶ 54–58).  He therefore had a full and fair opportunity to litigate the issue.  *See Wang v. Pataki*,

---

[5]   "Balber Decl." refers to the Declaration of Scott S. Balber (ECF No. 30).  References to "Ex. __" refer to the exhibits to the Balber Decl.

396 F. Supp. 2d 446, 455 (S.D.N.Y. 2005) (precluding relitigating issue in later case where the defendant's principal made an appearance in prior case); *Fernicola v. Specific Real Prop. in Possession, Custody, Control of Healthcare Underwriters Mut. Ins. Co.*, 2001 WL 1658257, at *4 (S.D.N.Y. Dec. 26, 2001) (precluding corporate officer from relitigating issue decided in litigation against the company he managed).

*Fourth*, the issue was necessarily decided because the George Weiss Companies indisputably made this specific argument, which was then expressly rejected by the Bankruptcy Court. (*See* Weiss CSUF ¶¶ 53, 55–56, 58); *Wu v. Lin (In re Qiao Lin)*, 576 B.R. 32, 55 (Bankr. E.D.N.Y. 2017) (issue is "necessarily decided" when the point "was placed in issue and decided").

In sum, Weiss and his companies already litigated their contention that Plaintiffs did not accept the Forbearance Agreement. The Bankruptcy Court's decision on that issue precludes Weiss's arguments to the contrary in opposing this Motion.

### B. The Evidence Establishes Plaintiffs' Acceptance of the Forbearance Agreement

Even if this Court were to credit Weiss's disavowal of the the Bankruptcy Court's decision, Plaintiffs' motion should nonetheless be granted.

On summary judgment, "[w]hen determining whether the parties intended to be bound," courts look to the "written instruments" and "other evidence about intent." *Alessi Equip., Inc. v. Am. Piledriving Equip., Inc.*, 578 F. Supp. 3d 467, 497 (S.D.N.Y. 2022). "[W]hen there are no competing inferences [regarding intent] to be drawn, that is to say when there are no questions of fact, a court may find that the parties entered into an enforceable contract." *Id.* To determine whether such inferences exist, "the court looks not to the[ ] [parties'] after-the-fact professed subjective intent, but their objective intent as manifested by their expressed words and deeds at the time of contracting. When the parties' expressions and conduct would lead a reasonable person to

conclude that they intended to reach a binding agreement, the agreement is enforceable." *Id.* (internal quotations omitted) (citations omitted).

Here, the evidence uniformly and unequivocally shows that Plaintiffs:  (i) fully complied with the Forbearance Agreement's obligation to forbear from bringing suit against GWA following its execution (*see* CSUF ¶ 70); and (ii) promptly filed UCC-1 financing statements against certain of the parties to the Forbearance Agreement, in an effort to perfect the security interests granted under the Forbearance Agreement (*see* Balber Decl. Ex. 1 ¶ 22; Ex. 1-J).  As a matter of law, that evidence establishes that the Parties' actions would lead a reasonable person to conclude that they intended to reach a binding agreement.  *See GWA, LLC*, 2024 WL 4276161, at *24–25.

Nonetheless, Weiss raises two arguments in a vain attempt to cast doubt on Plaintiffs' acceptance of the Forbearance Agreement.

*First*, Weiss notes that Plaintiffs did not sign the Forbearance Agreement.  (Opp. at 14). That argument fails as a matter of law.  New York law is clear that an agreement need not be signed in order to be binding and enforceable.  *See Muscatello v. Artco Chem. Inc.*, 251 A.D.2d 882, 883 (3d Dep't 1998) ("The absence of a signature by the party seeking to enforce the agreement is without legal significance.").  Instead, all that is required is that a party's "conduct would lead a reasonable person to conclude that they intended to reach a binding agreement, the agreement is enforceable."  *Alessi Equip.*, 578 F. Supp. 3d at 497.

Here, the undisputed evidence shows that:

(i)    Plaintiffs sent Weiss the execution copy of the Forbearance Agreement which Weiss edited, accepted, and signed (*see* CSUF ¶ 35);

(ii)    Plaintiffs sent Weiss and his companies a letter noting they "expect[ed] the Weiss Parties to abide by the representations made to the Jefferies Parties in the unilaterally modified Forbearance Agreement" (Dillabough Decl. Ex. 5 at 6);[6]

(iii)   Plaintiffs fully complied with their obligation to forbear from bringing suit against GWA (*see* CSUF ¶ 70);

(iv)    Plaintiffs promptly filed UCC-1 financing statements against certain of the parties to the Forbearance Agreement, in an effort to perfect the security interests granted under the Forbearance Agreement (*see* Balber Decl. Ex. 1 ¶ 22; Ex. 1-J); and

(v)     Weiss and the George Weiss Companies fully complied with their obligations to provide Plaintiffs with financial information as required by the Forbearance Agreement (*see* CSUF ¶ 65).

Those "objective manifestations of the intent" would lead a reasonable person to conclude that Plaintiffs "accepted [the Forbearance A]greement . . . ," even as modified by Weiss.  *See Asesores y Consejeros Aconsec CIA, S.A. v. Glob. Emerging Mkts. N. Am., Inc.*, 841 F. Supp. 2d 762, 766 (S.D.N.Y. 2012).

*Second*, referencing a letter sent by Plaintiffs' counsel immediately following Weiss's execution of the Forbearance Agreement, Weiss argues that Plaintiffs "rejected" the agreement. (Opp. at 14).  However, the letter referenced by Weiss nowhere states that Plaintiffs "rejected" the Forbearance Agreement.   To the contrary, Plaintiffs' counsel expressly stated that Plaintiffs "expect[ed] the Weiss Parties to abide by the representations made to the Jefferies Parties in the . . . Forbearance Agreement." (*Id.*).   Regardless, following the sending of the letter, Plaintiffs proceeded to fully comply with the terms of the Forbearance Agreement, which is all that is necessary to establish "acceptance." *Savignano v. Play*, 210 A.D.3d 1228, 1231 (3d Dep't 2022) (party accepted counteroffer by proceeding with conduct contemplated by agreement); *Eldor*

---

[6]    "Dillabough Decl." refers to the Declaration of Jeffrey Dillabough (ECF No. 28). References to "Ex. __" refer to the exhibits to the Dillabough Decl.

*Contracting Corp. v. Cnty. of Nassau*, 272 A.D.2d 509 (2d Dep't 2000) (performance in response to counteroffer constituted acceptance).

Plaintiffs have established that their objective conduct demonstrated their agreement to the terms of the Forbearance Agreement as a matter of law.

## II.    <u>Weiss Personally Guaranteed His Companies' Payment Obligations</u>

Weiss also attempts to escape liability by positing that Plaintiffs "ha[ve] failed to show that the Forbearance Agreement contains an unambiguous payment guarantee." (Opp. at 13). But in so arguing, Weiss largely ignores both: (i) the Bankruptcy Court's prior decision rejecting this identical argument; and (ii) the plain text of the guarantee. For either reason, Weiss's argument should be rejected and summary judgment entered in favor of Plaintiffs.

### A.    **Weiss is Collaterally Estopped from Disputing His Payment Obligation**

As noted above, collateral estoppel applies where "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided . . . ; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a . . . final judgment on the merits." (*See* Opp. at 15 (citation omitted)). In the Opposition, Weiss attempts to challenge Plaintiffs' showing on this issue by misrepresenting both the facts and the law. But none of Weiss's maneuvering can change the indisputable fact that Weiss appeared before the Bankruptcy Court, that he and his companies raised the exact argument that he is advancing here, and that they both lost on this issue.

#### i.    *The Issues Are Identical*

Weiss argues that an "identical issue" was not decided by the Bankruptcy Court because the Bankruptcy Court's decision addressed Plaintiffs' motion to dismiss preference and fraudulent conveyance claims asserted against them, as opposed to Plaintiffs' own claims. (Opp. at 15–16).

Weiss's argument fundamentally misunderstands the law of collateral estoppel.

As the Supreme Court explained in *Montana v. United States*, 440 U.S. 147, 153 (1979), "[u]nder collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive ***in subsequent suits based on a different cause of action*** . . ." (citations omitted) (emphasis added).  Accordingly, it is irrelevant that the issue here (whether Weiss's guarantee constitutes a payment guarantee) was decided in the context of a separately asserted cause of action against Plaintiffs.  *See*, *e.g.*, *Zherka*, 459 Fed. App'x at 13 ("The doctrine of collateral estoppel developed to address precisely this situation, where a party seeks to repeatedly litigate the same . . . under different causes of action . . . ."); *Wu*, 576 B.R. at 54 (determination of a party's "willfulness" binding in later action brought under different cause of action).  Instead, all that is required is that "'the issues presented in [the earlier litigation] are substantially the same as those presented by [the later] action.'"  *Zherka*, 459 Fed. App'x at 13.  This means that the "the legal standards governing [the issues'] resolution [must not be] significantly different."  *Cerny v. Rayburn*, 972 F. Supp. 2d 308, 316 (E.D.N.Y. 2013).

The issue here is not only "substantially the same" as one of the issues addressed by the Bankruptcy Court, it is 100% identical:  whether Weiss's guarantee is "solely a performance guarantee [or] a payment guarantee."  *Compare GWA, LLC*, 2024 WL 4276161, at *28 *with* (Opp. § III (titled:  "JEFFERIES FAILS TO DEMONSTRATE THAT THE FORBEARANCE AGREEMENT CONTAINS A PERSONAL PAYMENT GUARANTEE")).

　　　　　　　　　　*ii.    The Issue Was Necessarily Decided*

Weiss also claims that Bankruptcy Court's finding about the meaning of the personal guarantee was "not necessary," since it arose in the context of the George Weiss Companies' claims against Plaintiffs.  (Opp. at 16–17).

However, Weiss ignores the arguments that he and his companies advanced which made it necessary for the Bankruptcy Court to address this issue. Specifically, Weiss and his companies briefed the issue in opposing Plaintiffs' motion to dismiss, arguing that "Weiss . . . agreed to provide, at most, a guarantee of 'performance of the agreements of the [George Weiss Companies] . . . . He did not guarantee any payments by the [George Weiss Companies]." At the hearing on the motion to dismiss, Weiss and his companies further argued that the "Forbearance Agreement [could be] avoided notwithstanding George Weiss's guarantee because his guarantee was only a 'performance guarantee of obligations of these parties under the [Forbearance Agreement], not of the obligations under the loans or any other monies that are owed.'" *GWA, LLC*, 2024 WL 4276161, at *27. Accordingly, to determine whether or not to dismiss those claims, the Bankruptcy Court necessarily addressed Weiss's interpretation of the guarantee. *See LaFleur v. Whitman*, 300 F.3d 256, 273 (2d Cir. 2002) (issue was necessarily decided where court "rejected petitioner's . . . contention" in order to support its conclusion); *Yeiser v. GMAC Mortg. Corp.*, 535 F. Supp. 2d 413, 425 (S.D.N.Y. 2008) (collateral estoppel "requires only that" a material "issue have been properly raised by the pleadings or otherwise placed in issue and actually determined in the prior proceeding").

The analysis above is the beginning and the end of this issue. But, to avoid the inevitable, Weiss advances four separate meritless arguments.

*First*, Weiss makes the inaccurate assertion that the Bankruptcy Court did not grant Plaintiffs' motion to dismiss "based on any findings that Section 9 is a payment guarantee." (*See* Opp. at 17). Weiss's argument is belied by the decision of the Bankruptcy Court itself, which specifically granted the motion to dismiss, in part, because Weiss's personal guarantee *was* a payment guarantee. *See GWA, LLC*, 2024 WL 4276161, at *27 (granting motion to dismiss claim

to avoid the entire Forbearance Agreement and rejecting argument that the "Forbearance Agreement [could be] avoided . . . because [Weiss's] guarantee was only a 'performance guarantee of obligations . . . under the [Forbearance Agreement], not of the obligations under the loans or any other monies that are owed.'").

*Second*, citing to Section 27 of the Restatement (Second) of Judgments, Weiss argues that because the Bankruptcy Court had alternate grounds for dismissing the George Weiss Companies' avoidance claims (including because a guarantee, like Weiss's, is not an obligation subject to avoidance), collateral estoppel does not apply.  (Opp. at 17).  However, under binding Second Circuit law, "where the judgment is based upon the matters litigated as alternative grounds, the judgment is determinative on both grounds, although either alone would have been sufficient to support the judgment.'"  *Winters v. Lavine*, 574 F.2d 46, 67 (2d Cir. 1978); *Nycal Corp. v. Inoco PLC*, 968 F. Supp. 147, 151 (S.D.N.Y. 1997) ("[I]f a court decided a case on two grounds, each is a good estoppel.").  Accordingly, Courts in the Second Circuit have roundly rejected Weiss's argument as a matter of law.  *See Nycal Corp.*, 968 F. Supp. at 151 (noting that citations to Section 27 of the Restatement have "met with little success in this Circuit," because the "general rule in this Circuit is that 'if a court decided a case on two grounds, each is a good estoppel.'"  (citations omitted)).

*Third*, the Bankruptcy Court expressly held that "a strict construction of the . . . Forbearance Agreement, [] in Weiss's favor, makes clear that Weiss's performance guarantee was also a guarantee of payment."  *GWA, LLC*, 2024 WL 4276161, at *28.  Weiss attempts to circumvent this clear holding by pointing to "the bankruptcy court's statement" that it was not deciding the motion to dismiss filed by Weiss in this action when it granted the motion to dismiss that was pending before it.  (Opp. at 16–17).  Weiss's observation is entirely irrelevant.  Of course,

the Bankruptcy Court was not deciding a motion pending before another court (*i.e.*, this Court). However, the Bankruptcy did conclusively and undeniably interpret the meaning of Weiss's guarantee contained in the Forbearance Agreement and Weiss is now precluded from challenging that interpretation.

*Fourth*, citing to *Stern v. Marshall*, 564 U.S. 462, 475–76 (2011), Weiss argues that the Bankruptcy Court lacked the authority to interpret the guarantee, and that, therefore, its decision is entitled to no preclusive effect. (Opp. at 18). But *Stern* does not hold—as Weiss implies—that a Bankruptcy Court lacks the authority to interpret a contractual guarantee, such that collateral estoppel may not attach. 564 U.S. at 475–76. Instead, the Court in *Stern* held that a bankruptcy court lacked jurisdiction to hear a state law counterclaim that "in no way derived from or depende[d] upon bankruptcy law," but instead "exist[ed] without regard to any bankruptcy proceeding." *Id.* at 499.

Here, the Bankruptcy Court was not deciding an isolated or independent state law claim "without regard to any bankruptcy proceeding." Instead, in assessing claims asserted by the George Weiss Companies under the Bankruptcy Code, the Bankruptcy Court was required to address a contractual issue. *GWA*, 2024 WL 4276161, at *28 n.20. That is perfectly consistent with the authority vested in the Bankruptcy Court. *See O'Toole v. McTaggart (In re Trinsum Group, Inc.)*, 467 B.R. 734, 738 (Bankr. S.D.N.Y. 2012) ("[B]oth before and after *Stern v. Marshall*, it is clear that the bankruptcy court may handle all pretrial proceedings, including the entry of an interlocutory order dismissing fewer than all of the claims in an adversary complaint, as occurred in this case.").

Unsurprisingly then, Weiss fails to cite to even a single case to support his apparent proposition that a Bankruptcy Court's interpretation of a contract is not entitled to collateral

estoppel.  That is because the authority is overwhelming that "[t]he normal rules of *res judicata* and collateral estoppel apply to the decisions of bankruptcy courts."  *Katchen v. Landy*, 382 U.S. 323, 334 (1966); *EDP Med. Comput. Sys., Inc. v. U.S.*, 2005 WL 3117433, at *6–7  (E.D.N.Y. 2005) (bankruptcy Court determination precluded later District Court decision); *Gache v. Hill Realty Assocs., LLC*, 2014 WL 5048336, at *7 (S.D.N.Y. 2014) (same).

### iii. Weiss Had a Full and Fair Opportunity to Litigate the Issue

Despite the indisputable fact that both Weiss and the George Weiss Companies (which are under his control) made the identical arguments that Weiss raises in opposition to Plaintiffs' Motion (*see* Opening Brief at 9), Weiss shamelessly asserts he did "not ha[ve] ***any*** opportunity to litigate the issues raised in this case."  (Opp. at 18).

Factually, Weiss's position is contradicted by the memoranda that the George Weiss Companies submitted, as well as the transcript of the hearing at which Weiss's counsel appeared in the Bankruptcy Court proceedings, all of which demonstrate that Weiss had the opportunity to—and did—litigate the meaning of his personal guarantee.  (Weiss CSUF ¶¶ 53, 55–56, 58).

Weiss's position also fails on the law.  Weiss concedes that to determine whether he had an opportunity to litigate this issue, the Court should consider:  (i) "'the nature of the forum and the importance of the claim in the prior litigation,'[(ii)] the incentive and initiative to litigate and the actual extent of litigation, and [(iii)] the competence and expertise of counsel."  (Opp. at 18 (quoting *Hickerson v. City of N.Y.*, 146 F.3d 99, 109 (2d Cir. 1998))).

Yet inexplicably, Weiss's Opposition barely analyses any of these factors at all.  Weiss does not dispute the "importance of the claim in the prior litigation."  (*Cf.* Opp. at 19), that the George Weiss Companies had every "incentive" to litigate these issues, or the competence and experience of the George Weiss Companies' counsel.  (*Cf.* Opp. at 19–21).  Instead, without

citation, Weiss complains that the "nature of the forum"—a Bankruptcy Court proceeding—counsels against collateral estoppel.  (Opp. At 19).  Yet as noted above, contrary to Weiss's position, Courts routinely apply collateral estoppel to the decisions of the Bankruptcy Court.  *See, e.g.*, *EDP Med. Comput. Sys., Inc.*, 2005 WL 3117433, at *6–7 (bankruptcy Court determination precluded later District Court decision); *Gache*, 2014 WL 5048336, at *7 (same).

> iv.    Taylor v. Sturgell *Does Not Support Weiss's Argument*

Finally, citing to *Taylor v. Sturgell*, 553 U.S. 880, 892–93 (2008), Weiss claims that he should not be bound by the Bankruptcy Court's decision because he did not personally appear in those proceedings.  (Opp. at 21–22).

The record defeats Weiss's contention.  Weiss admits that his personal counsel appeared at the Bankruptcy Proceeding hearing where this issue was addressed, and that counsel even argued on Weiss's behalf.  (Weiss CSUF ¶¶ 57–58).  An attorney acts as an agent to its client when appearing at a hearing and, in turn, Weiss's attorney's appearance satisfies any requirement that Weiss have participated in the prior proceedings.  *Cf. Taub v. Hershkowitz (In re Taub),* 421 B.R. 93, 104 (Bankr. E.D.N.Y. 2009) ("It is axiomatic that an attorney of record has authority to represent the person for whom he or she appears, and is presumed to be authorized to take actions necessary to conduct the litigation").

Weiss is also wrong on the law.  *Taylor* is clear that "there is an exception when it can be said that there is 'privity' between a party to the second case and a party who is bound by an earlier judgment."  *Richards v. Jefferson Cnty.*, 517 U.S. 793, 798 (1996); *Taylor*, 553 U.S. at 898 n.8 ("The substantive legal relationships justifying preclusion are sometimes collectively referred to as 'privity.'").  And, as noted above, a "guarantor[] of payment of a corporate debt" is "in privity with the corporate borrower," especially where, as here, "such guarantor[ is] controlling

shareholder[], executive officer[] and director[]" of the corporate borrower.  *Superior Funding Corp. v. Big Apple Cap. Corp.*, 738 F. Supp. 1468, 1470 (S.D.N.Y. 1990).  (CSUF ¶ 1; Weiss CSUF ¶¶ 1–8 (noting that Weiss is the founder, manager, and chief executive of the George Weiss Companies)).  Weiss cites no contrary authority.

In short:  there is no debate that Weiss and his Companies participated in the Bankruptcy Court proceedings, and that the issue of whether his personal guarantee was a "payment guarantee" was both litigated and decided.  This is a textbook case of collateral estoppel, and Weiss is not entitled to a second bite at this apple.

### B.       The Guarantee Requires Payment as a Matter of Law

Weiss's argument that his guarantee did not cover payment also fails as a matter of contract law.  "Under New York law, the first step in assessing a contract claim is to determine 'whether the contract is unambiguous with respect to the question disputed by the parties.'"  *See Roche Diagnostics GmbH v. Enzo Biochem, Inc.*, 992 F. Supp. 2d 213, 217 (S.D.N.Y. 2013) (citations omitted).  That is a question of law for the court, "[and s]ummary judgment is appropriate if the terms of the contract are unambiguous."  *Id*. (citations omitted).

The guarantee in the Forbearance Agreement unambiguously provides:  "***Weiss unconditionally and irrevocably personally guarantees*** to the [Plaintiffs] the accuracy of the representations made by, and ***the performance of the agreements of, the [George Weiss Companies] hereunder***."  (Weiss CSUF ¶ 26 (emphasis added)).  As the Bankruptcy Court already explained, and despite Weiss's wishes to the contrary, where a party "guarantee[s] performance of the terms and conditions of the agreement," which terms and conditions "require[] payment . . . , the guarantee must be interpreted as including payment according to and as provided in the agreement."  *Am. Trading Co. v. Fish*, 42 N.Y.2d 20, 27–28 (1977); *see also Merch. Cash & Cap., LLC v. Haute Soc'y Fashion, Inc.*, 2017 WL 2912452, at *3 (E.D.N.Y. July 6, 2017) (personal

guarantee of performance included a guarantee of payment despite the lack of explicit language providing for payment because "it would [otherwise] be challenging to prescribe some other meaningful purpose the Guaranty was intended to serve").

In his Opposition, Weiss raises three arguments to avoid summary judgment.

*First*, Weiss attempts to distinguish *Am. Trading* on the basis that the guarantee in that case applied to "***all*** the terms and conditions of this agreement" (Opp. at 23), while the guarantee he issued applies to "the performance of the agreements of" the George Weiss Companies.  (Weiss CSUF ¶ 26).

However, Weiss cites no law to support his apparent position that in order for a guarantee to apply to "all" of the obligations set forth in an agreement, the word "all" must be specifically utilized.  To the contrary, because Weiss's guarantee "unconditionally" applies to the "agreements of" the Weiss Companies, without limitation, that agreement is unlimited.  *See U.S. Tr. Co. of N.Y. v. Sec. Planners, Inc.*, 238 A.D.2d 114, 114 (1st Dep't 1997) (reversing denial of plaintiffs' summary judgment motion finding that, notwithstanding the defendants' understanding that "the guaranty [was] limited to a particular sum, far less than the amount sought," summary judgment was appropriate because "[t]he guaranty contains no such limitation"); *VNB N.Y. Corp. v Chatham Partners, LLC*, 125 A.D.3d 517, 518 (1st Dep't 2015) ("Defendants' contention that the document they signed had the limited purpose of guaranteeing the lender's obligation to pay the expenses and costs related to preparation for the closing of the loan in the event the closing did not take place is belied by the fact that the guaranty is unconditional and not so limited by its terms.").

*Second*, Weiss argues that his guarantee applies only to the "Weiss Companies Agreements" set forth in Sections 2 and 5 of the Forbearance Agreement, and not the payment obligation set forth in Section 3.  (Opp. at 22).

However, the phrase "Weiss [Companies] Agreements" is not used in Weiss's personal guarantee. Instead, in Weiss's guarantee, he personally guaranteed "***the representations made by***, and ***the performance of the agreements of***, the [George Weiss Companies]." (Weiss CSUF ¶ 26 (emphasis added)). Under well-established New York case law, those "agreements" *included* the George Weiss Companies' agreement to pay the debts owed to Plaintiffs by GWA. *See Am. Trading*, 42 N.Y.2d at 27 (performance obligations include an obligation to pay); *Merch. Cash & Cap.*, 2017 WL 2912452, at *3 (personal guarantee of performance required payment).

Had the parties intended to limit the guarantee to obligations set forth in a particular section of the Forbearance Agreement (such as Section 2), they would have said so. (*See, e.g.*, Dillabough Ex. 3 §§ 4(b) ("Each Weiss Party represents, warrants, and covenants that the security interest granted herein, and until expiration of the security interests as provided in *Section 4(a)* . . . ." (emphasis added)), 4(e) (referencing Section 2(a)(iii)), 10 (referencing Section 8). Indeed, where Weiss—who was at all times advised by counsel—disagreed with the language in the forbearance agreement he deleted that language from the version he signed. (Dillabough Decl. ¶ 18; Weiss Decl. ¶ 19).[7] Weiss chose not to similarly limit or delete his personal guarantee. *See Quadrant Structured Prod. Co. v. Vertin*, 23 N.Y.3d 549, 560 (2014) ("[I]f parties to a contract omit terms . . . the inescapable conclusion is that the parties intended the omission."); *Sterling Investor Servs., Inc. v. 1155 Nobo Assocs., LLC*, 30 A.D.3d 579, 581 (2d Dep't 2006) ("Under accepted canons of contract construction, when certain language is omitted from a provision but placed in other provisions, it must be assumed that the omission was intentional").

*Third*, Weiss appeals to a variety of extrinsic evidence, which he claims supports his interpretation of the guarantee. (Opp. at 25–26). However, as set forth above—and as held by the

---

[7]    "Weiss Decl." refers to the Declaration of George Weiss (ECF No. 27). References to "Ex. __" refer to the exhibits to the Weiss Decl.

Bankruptcy Court—the meaning of Weiss's guarantee is unambiguous.  (*See* Arg. § II(B), *supra*); *GWA, LLC*, 2024 WL 4276161, at *28.  Accordingly, Weiss's reference to extrinsic evidence is improper and wholly unavailing.  *See Bristol Inv. Fund, Inc. v. Carnegie Int'l Corp.*, 310 F. Supp. 2d 556, 562 (S.D.N.Y. 2003) ("Under New York law, 'if a contract is unambiguous, courts are required to give effect to the contract as written and may not consider extrinsic evidence to alter or interpret its meaning.'"); *see also Cestaro v. Prohaska*, 681 F. Supp. 3d 121, 125 (S.D.N.Y. 2023) ("[C]onclusory contradiction of undisputed evidence in a self-serving affidavit, unsupported by other evidence, is not by itself sufficient to create a genuine dispute of material fact."); *Lenzi v. L.L. Bean, Inc.*, 2023 WL 8237484, at *3 (W.D.N.Y. Nov. 28, 2023) (similar).

Moreover, the Forbearance Agreement contains a clear, unambiguous and unavoidable merger clause that provides:

> All agreements, covenants, representations and warranties, express or implied, oral and written, of the parties hereto concerning the subject matter hereof, are contained herein.  No other agreements, covenants, representations or warranties, express or implied, oral or written, have been made by any party hereto to any other concerning the subject matter hereof.  All prior and contemporaneous conversations, negotiations, possible and alleged agreements, representations, covenants and warranties concerning the subject matter hereto are merged herein.

(CSUF ¶ 87).  That clause independently precludes the Court from considering the extraneous evidence upon which Weiss now seeks to rely.  *Tucker Leasing Cap. Corp. v. Pizzuti Dev., Inc.*, 1992 WL 554186, at *9 (E.D.N.Y. Jan. 7, 1992) (merger clause precluded consideration of the parties' "understanding" or any "larger context" to vary "the contract's plain and clear meaning").

### III.    Weiss's Boilerplate Affirmative Defenses Fail to Raise an Issue of Fact

Weiss's final gambit to avoid his payment obligation is to argue that his single-sentence, boilerplate affirmative defenses preclude summary judgment.  (Opp. at 26–28).  Again, Weiss misses the mark.

While Weiss is correct that "[m]otions to strike affirmative defenses are generally disfavored" (Opp. at 27), that does not mean he is absolved of the requirement to plead some facts in support of his defenses. *See, e.g.*, *Legal Recovery Assocs. LLC v. Brenes L. Grp., P.C.*, 2023 WL 2253138, at \*2, \*12 (S.D.N.Y. Feb. 13, 2023) (affirmative defense of "undue influence and duress" stricken because it lacked "any supporting factual allegations"), *report and recommendation adopted*, 2023 WL 2266534 (S.D.N.Y. Feb. 28, 2023).

Here, Weiss does not dispute that each of his affirmative defenses is pled with purely conclusory statements. Indeed, there is not a single fact averred to in the affirmative defenses at all. (*See generally* ECF No. 21 at 10–11). That alone should be dispositive. *See Brooklyn Union Gas Co. v. Exxon Mobil Corp.*, 478 F. Supp. 3d 417, 432 (E.D.N.Y. 2020) (dismissing defenses that were "bald, conclusory, and factually unsupported assertions").[8]

Weiss separately asserts—in a footnote—that "[t]he declarations submitted in support of . . . Weiss's Motion for Summary Judgment demonstrate that, at a minimum, there exist material facts regarding . . . Weiss's affirmative defenses." (Opp. at 28 n.8). While Weiss does not identify which affirmative defense the declarations would supposedly support, it appears that this argument relates to his "duress" defense. (*Id.*).

---

[8]    Weiss attempts to absolve himself of his responsibility to plead his affirmative defenses by claiming that the Bankruptcy Court "h[eld] that Jefferies' alleged wrongful threats against Mr. Weiss constituted duress and that . . . the Forbearance Agreement lacked consideration." (Opp. at 27). Nothing could be farther from the truth. While the Bankruptcy Court did not dismiss all of the George Weiss Companies' claims against Plaintiffs for failure to adequately plead duress or consideration, it did not decide them on the merits. *See GWA*, 2024 WL 4276161, at \*22, \*24. Rather, the Bankruptcy Court noted that it was "dubious whether the Debtors can successfully establish that their free will was actually precluded. These are highly sophisticated parties represented by competent and similarly sophisticated counsel, and the notion that they were forced into entering an agreement they would not otherwise have entered seems highly improbable." *Id.* at \*22.

Even a cursory review of Weiss's submissions makes clear that he has failed to proffer evidence to support such a defense at the summary judgment phase.  In particular, to raise a genuine issue of material fact regarding the affirmative defense of duress, Weiss must "show that its agreement was procured by means of (1) a wrongful threat that (2) precluded the exercise of its free will." *Interpharm, Inc. v. Wells Fargo Bank, Nat. Ass'n*, 655 F.3d 136, 142 (2d Cir. 2011).

Weiss does not—because he cannot—provide any evidence suggesting that his free will was precluded by Plaintiffs' alleged "bullying."  Instead, the Weiss and Dillabough declarations reflect the opposite:  that Weiss and the George Weiss Companies repeatedly exercised their free will by refusing to sign drafts of the Forbearance Agreement until they negotiated its terms to their liking.

Specifically, Weiss attests that "on February 1, 2024, [Plaintiffs] emailed [his] team a draft 'forbearance agreement,'" which he and his companies "refused to sign . . . ." (Weiss Decl. ¶¶ 13–14).  Then, as Dillabough attests, "[o]n February 11, 2024, Superbowl Sunday, [he and Weiss] had a call with [representatives for Plaintiffs including] outside and in-house counsel . . . ." (Dillabough Decl. ¶ 15).  The outcome of that call was a revised forbearance agreement, which Dillabough "reviewed."  (*See id.* ¶ 18).  Dillabough then "deleted . . . statements" from that agreement.  (*Id.*).  Pursuant to Dillabough's advice, Weiss then agreed to the "revised version of the forbearance agreement" by signing it and delivering it to the Plaintiffs.  (*Id.* ¶ 24, Ex. 3; Weiss Decl. ¶ 22).

That Weiss—a sophisticated businessman with 46 years' worth of experience managing hedge funds—was indisputably counselled by lawyers, and capable of revising the very document that he now claims to have been compelled to sign, is fundamentally incompatible with any claim of duress.  *Nat. Sch. Rep. Servs., Inc. v. Nat. Sch. of Cal., Ltd.*, 924 F. Supp. 21, 24 (S.D.N.Y.

20

1996) (finding allegations of duress implausible where the defendants "were represented by counsel," even where agreement was not subject to negotiation); *Mathias v. Jacobs*, 167 F. Supp. 2d 606, 614 (S.D.N.Y. 2001) (rejecting duress defense where, among other things, the parties were "experienced businessmen" who had been represented by counsel during negotiations).

Meanwhile, Weiss makes no effort to support any of his remaining defenses at all. "[W]here the non-movant 'fails to introduce any evidence sufficient to support an essential element of a defense, the court may properly grant summary judgment dismissing such a defense as a matter of law.'" *TufAmerica, Inc. v. Codigo Music LLC*, 162 F. Supp. 3d 295, 334 (S.D.N.Y. 2016). That is precisely the case here and, in turn, Weiss's other pleaded affirmative defenses provide no basis for denying this summary judgment motion.

## **CONCLUSION**

For the foregoing reasons, the Court should follow the Bankruptcy Court's findings of law and grant Plaintiffs' motion for summary judgment.

Dated:  New York, New York
        December 4, 2024

Respectfully submitted,

HERBERT SMITH FREEHILLS
  NEW YORK LLP
By: /s/ *Scott S. Balber*
    Scott S. Balber
    Michael P. Jones
    Daniel Gomez
200 Park Avenue
New York, New York 10166
Tel: (917) 542-7810
Fax: (917) 542-7601
Email:    Scott.Balber@hsf.com
          Michael.Jones@hsf.com
          Daniel.Gomez@hsf.com

*Attorneys for Plaintiffs*
*Jefferies Strategic Investments, LLC and*
*Leucadia Asset Management Holdings LLC*