UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
JEFFERIES STRATEGIC INVESTMENTS, LLC   :
and LEUCADIA ASSET MANAGEMENT           :
HOLDINGS LLC,                            :      **OPINION AND ORDER**
                                         :      **GRANTING PLAINTIFFS'**
                    Plaintiffs,          :      **MOTION FOR SUMMARY**
                                         :      **JUDGMENT AND DENYING**
       -against-                         :      **DEFENDANT'S MOTION FOR**
                                         :      **SUMMARY JUDGMENT**
GEORGE WEISS,                            :
                                         :      24 Civ. 4369 (AKH)
                    Defendant.           :
------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

Plaintiffs Jefferies Strategic Investments, LLC ("JSI") and Leucadia Asset Management Holdings LLC ("Leucadia") move for summary judgment against Defendant George Weiss, arguing that he is personally liable for a guarantee contained in a forbearance agreement executed between the parties. Simultaneously, Defendant moves for summary judgment against Plaintiffs, contending that this case should be dismissed. For the reasons that follow, I grant Plaintiffs' motion for summary judgment, and I deny Defendant's cross-motion.

## BACKGROUND

Defendant George Weiss is the founder of a constellation of hedge funds, known collectively as the "Weiss Companies." Defendant's Statement of Undisputed Facts ("Def. SUF") ¶¶ 1-2. On May 1, 2018, Plaintiff Leucadia entered into a Strategic Relationship Agreement (the "SRA") with the Weiss Companies, in which it agreed to provide financing through promissory notes. *Id.* ¶¶ 6-7. In December 2019 and September 2022, Plaintiff JSI agreed to purchase $53 million in notes issued by the Weiss Companies under two note purchase agreements (the "NPAs"). ECF No. 31, ¶¶ 14-21.

1

The Weiss Companies did not pay their obligations. To postpone the debt, on February 12, 2024, Defendant signed a forbearance agreement (the "Forbearance Agreement"), in both his personal capacity, and on behalf of the Weiss Companies. Def. SUF ¶¶ 35-38; ECF No. 28-3. The Forbearance Agreement provides that the Weiss Companies, with the exception of GWA, LLC, "irrevocably and unconditionally guarantees to [Plaintiffs] . . . the prompt and complete payment and performance by GWA and each other Weiss Party when due . . . of the Guaranteed Obligations," which is defined to encompass obligations "arising under any Note Purchase Agreement, the Notes, the SR Agreement, and this Agreement." ECF No. 28-3, § 3(a). And while the Forbearance Agreement provides that Defendant George Weiss is a party "for purposes of Section 5(a), 9 and 10(c) hereof," Section 9 states that he "unconditionally and irrevocably personally guarantees to the Jefferies Entities the accuracy of the representations made by, and the performance of the agreements of, the Weiss Parties hereunder." *Id.* § 9.[1]

After signing the Forbearance Agreement, the Weiss Companies failed to make payment of the monies owed under the SRA, notes, and NPAs. On April 29, 2024, the Weiss Companies filed for bankruptcy under Chapter 11 of the Bankruptcy Code. *See In re Weiss Multi-Strategy*

---

[1] Section 5(a) of the Forbearance Agreement provides that:
> Each Weiss Party and Weiss hereby represents and warrants that (x) this Agreement has been duly executed and delivered by such Weiss Party and Weiss and (y) this Agreement is the legal, valid and binding obligation of such Weiss Party and Weiss, and is enforceable against each such Weiss Party and Weiss, in accordance with its terms, except as enforceability may be limited by applicable bankruptcy, insolvency or similar laws affecting the enforcement of creditors' rights generally and by equitable principles relating to enforceability.

Section 10(c) of the Forbearance Agreement provides that:
> Each Weiss Party and Weiss acknowledges and agrees that it is receiving a direct benefit from the transactions contemplated by this Agreement, and the terms of this Agreement, including the guaranty provided herein and the security interests granted herein, constitute reasonably equivalent value for the benefit it is receiving from entering into this Agreement. Each Weiss Party and Weiss agrees that it shall not, nor shall it cause, directly or indirectly, any person controlled by, or under common control with, it, to take any action inconsistent with the terms of this Agreement. Each party represents and warrants that it has full power and authority to enter into and perform this Agreement, and that the person executing this Agreement on behalf of that party has been properly authorized and empowered to enter into this Agreement and to bind that party hereto.

2

*Advisers LLC*, 24 BK 10743 (MG) (Bankr. S.D.N.Y.). Simultaneously, in relation to this bankruptcy case, the Weiss Companies filed an adversary proceeding against Plaintiffs. *See GWA, LLC, et al. v. Jefferies Strategic Investments, LLC, et al.*, 24 AP 1350 (MG) (Bankr. S.D.N.Y.). The Weiss Companies sought to hold the Forbearance Agreement unenforceable as a preferential transfer, and contended that Defendant did not commit to guaranteeing any payment owed by the Weiss Companies to Plaintiffs under the Forbearance Agreement. *Id.* at Dkts. 20-21. The bankruptcy court rejected this argument, holding that "a strict construction of the 2024 Forbearance Agreement, even in Weiss's favor, makes clear that Weiss's performance guarantee was also a guarantee of payment." *GWA, LLC v. Jefferies Strategic Investments, LLC*, 664 B.R. 492, 531 (Bankr. S.D.N.Y. 2024).

On May 6, 2024, Plaintiffs filed suit against Defendant in New York state court, seeking to enforce the Forbearance Agreement as to Defendant's guarantee of payment for the SRA, notes, and NPAs. ECF No. 1. Defendant removed the action to this Court on June 7, 2024. *Id.* At the initial pre-trial conference, on October 11, 2024, I permitted the parties to cross-file motions for summary judgment on the issue of Defendant's liability for his guarantee. *See* ECF No. 20.

## LEGAL STANDARD

Summary judgment may be granted only when there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering cross-motions for summary judgment, "the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under

3

consideration." *Bronx Household of Faith v. Board of Educ.*, 492 F.3d 89, 96 (2d Cir. 2007) (citation omitted).

## DISCUSSION

Viewing the evidence in the light most favorable to Defendant, I hold that the Forbearance Agreement included a personal payment guarantee by Defendant to Plaintiffs of the Weiss Companies' corporate debt, and that it is valid and enforceable as to Defendant.

### A. Payment Guarantee

Defendant contends he did not personally guarantee payment of the Weiss Companies' debt to Plaintiffs under the terms of the Forbearance Agreement. I disagree.

Under New York law, a "guaranty is a contract," and in conducting interpretation, courts "look first to the words the parties used." *Louis Dreyfus Energy Corp. v. MG Ref. & Mktg., Inc.*, 2 N.Y.3d 495, 500 (N.Y. 2004). When determining the meaning of contractual language, courts must consider the entirety of the contract and interpret all of its provisions in harmony. *Bombay Realty Corp. v. Magna Carta, Inc.*, 100 N.Y.2d 124, 127 (N.Y. 2003). Further, "a contract must be construed in a manner which gives effect to each and every part, so as not to render any provision meaningless or without force or effect." *Nomura Home Equity Loan, Inc., Series 2006-FM2 v. Nomura Credit & Capital, Inc.*, 30 N.Y.3d 572, 581 (N.Y. 2017) (citation omitted).

Applying these principles of contract interpretation, and viewing the evidence in the light most favorable to Defendant, I hold that Defendant's performance guarantee contained within the Forbearance Agreement was also a personal payment guarantee. Here, under the clear, unambiguous text of the Forbearance Agreement, Defendant "unconditionally and irrevocably personally guarantee[d] to" Plaintiffs "the accuracy of the representations made by, and *the performance of the agreements of, the Weiss Parties hereunder*." ECF No. 28-3, § 9 (emphasis

4

added). The "agreements of the Weiss Parties hereunder" plainly includes their guarantee to make "prompt and complete payment and performance . . . of the Guaranteed Obligations," which, in turn, is defined to encompass obligations "arising under any Note Purchase Agreement, the Notes, the SR Agreement, and this Agreement." ECF No. 28-3, § 3(a). Thus, reading the contract in harmony, in its entirety, to give effect to each of its provisions, I conclude that Defendant's performance guarantee of the Weiss Companies' agreements with Plaintiffs is also a payment guarantee by Defendant personally as to the SRA, notes, and NPAs. *See, e.g., Am. Trading Co. v. Fish*, 42 N.Y.2d 20, 27-28 (N.Y. 1977) ("Since defendant guaranteed performance of the terms and conditions of the agreement, which in this respect required payment by means of trade acceptances, the guarantee must be interpreted as including payment according to and as provided in the agreement."); *Merchant Cash & Capital, LLC v. Haute Soc'y Fashion, Inc.*, 16 Civ. 2696 (ILG), 2017 WL 2912452, at *3 (E.D.N.Y. July 6, 2017) (construing personal performance guarantee of contractual terms as personal guarantee of payment); *Prof'l Merch. Advance Capital, LLC v. McEachern*, 13 Civ. 7323 (JS), 2015 WL 8665447, at *3 (E.D.N.Y. Dec. 11, 2015) (same).

"[W]here, as here, a creditor seeks summary judgment upon a written guaranty, the creditor need prove no more than an absolute and unconditional guaranty, the underlying debt, and the guarantor's failure to perform under the guarantee." *HSH Nordbank AG v. Street*, 421 F. App'x 70, 72 (2d Cir. 2011) (quoting *Kensington House Co. v. Oram*, 293 A.D.2d 304, 305 (N.Y. App. Div. 1st Dep't 2002)). Here, Plaintiffs have proven all three elements, and thus, they have established their *prima facie* entitlement to summary judgment against Defendant as to his guarantee.

## B. Defenses

In his answer, Defendant pleads various affirmative defenses to the validity and enforcement of the Forbearance Agreement. *See* ECF No. 21. But they all lack merit. Accordingly, viewing the evidence in the light most favorable to Defendant, I hold that the Forbearance Agreement is a valid and enforceable contract as to Defendant. *See Kasowitz, Benson, Torres & Friedman, LLP v. Duane Reade*, 98 A.D.3d 403, 404 (N.Y. App. Div. 1st Dep't 2012), *aff'd* 20 N.Y.3d 1082 (N.Y. 2013) ("To establish the existence of an enforceable agreement, a plaintiff must establish an offer, acceptance of the offer, consideration, mutual assent, and an intent to be bound.").

Defendant's contentions that the Forbearance Agreement lacked consideration as to his guarantee fail. Consideration "consists of either a benefit to the promisor or a detriment to the promisee," including a forbearance by a party. *Weiner v. McGraw-Hill*, 57 N.Y.2d 458, 464 (N.Y. 1982). "Under New York law, forbearance of any length can constitute valid consideration." *MM Ariz. Holdings LLC v. Bonanno*, 658 F. Supp. 2d 589, 593 (S.D.N.Y. 2009). The fact that in the Forbearance Agreement, Defendant served as a guarantor to his hedge funds' debts does not change the outcome here since "a benefit flowing to a third person or legal entity constitutes a sufficient consideration for the promise of another." *Mencher v. Weiss*, 306 N.Y. 1, 8 (N.Y. 1953); *see also Sun Oil Co. v. Heller*, 248 N.Y. 28, 32-33 (N.Y. 1928) (guarantee in exchange for consideration provided to a third party constitutes consideration as to the guarantor himself).

Nor do his arguments that the Forbearance Agreement lacked mutual assent pass muster. "To form a binding contract under New York law . . . there must be a 'meeting of the minds,'" or, in other words, "an objective manifestation of mutual assent, through either words or conduct,

6

to the essential terms comprising the agreement." *Wu v. Uber Techs.*, 2024 WL 4874383, at *5 (N.Y. Nov. 25, 2024). "Under New York law, a contract need not be signed by either or both parties in order to be enforceable." *Asesores y Consejeros Aconsec CIA, S.A. v. Global Emerging Mkts. N. Am., Inc.*, 841 F. Supp. 2d 762, 766 (S.D.N.Y. 2012). Rather, courts must consider:

> (1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing.

*Winston v. Mediafare Entertainment Corp.*, 777 F.2d 78, 80 (2d Cir. 1985). Here, the fact that only Defendant signed the Forbearance Agreement—both on his personal behalf, as well as on behalf of the various Weiss Companies—and Plaintiffs did not, does not constitute a lack of mutual assent. Indeed, there is no language in the Forbearance Agreement that explicitly requires full execution before the contract takes effect. Moreover, Plaintiffs performed their obligations under the Forbearance Agreement, there were no material disputes between the parties as to the terms of the contract, and Plaintiffs took objective actions to evince their intent to be bound by filing a financing statement to perfect the security interest granted under the Forbearance Agreement. *See* ECF No. 30-1, at 131.

Finally, Defendant argues that the Forbearance Agreement is voidable as to him because Plaintiffs' CEO and outside counsel allegedly called him, accused him of committing securities fraud, stated "there would be a public news article that would destroy [Defendant's] reputation," and threatened to sue Defendant personally, if he did not sign the Forbearance Agreement. Def. SUF ¶¶ 24-29; ECF No. 27 ¶¶17-18 (Def. Decl.). "A contract may be voided on the ground of economic duress where the complaining party was compelled to agree to its terms by means of a wrongful threat which precluded the exercise of its free will." *Muller Constr. Co. v. N.Y. Tel. Co.*, 40 N.Y.2d 955, 956 (N.Y. 1976). This doctrine is "reserved for extreme and extraordinary

7

cases," *Adler v. Lehman Bros. Holdings*, 855 F.3d 459, 477 (2d Cir. 2017), and seldom applies to negotiated agreements between sophisticated parties. *See Davis & Assocs. v. Health Mgmt. Servs.*, 168 F. Supp. 2d 109, 114 (S.D.N.Y. 2001). Under New York law, a threat to sue for outstanding debt if a party does not agree to sign a contract does not constitute economic duress. *Friends Lumber v. Cornell Dev. Corp.*, 243 A.D.2d 886, 888 (N.Y. App. Div. 3d Dep't 1997). Nor do "threats to smear [a party's] reputation" constitute economic duress. *Finserv Computer Corp. v. Bibliographic Retrieval Services, Inc.*, 125 A.D.2d 765, 767 (N.Y. App. Div. 3d Dep't 1986). Here, Defendant is a sophisticated and experienced businessman, *see* ECF No. 27 ¶¶ 4-5, and was represented by counsel in reviewing and executing the Forbearance Agreement, *see* ECF No. 28 ¶¶ 18, 24 (Defendant's attorney reviewed the draft Forbearance Agreement and deleted provisions thereof). *See Nat'l Sch. Reporting Servs. v. Nat'l Schs.*, 924 F. Supp. 21, 24 (S.D.N.Y. 1996) (rejecting duress argument where parties were represented by counsel, even though counsel did not negotiate the terms of the contract). Viewing the evidence in the light most favorable to Defendant, I cannot say that Plaintiffs' alleged conduct constitutes duress.

The remaining affirmative defenses listed in boilerplate fashion in Defendant's Answer—failure to state a cause of action upon which relief may be granted, Plaintiffs' "inequitable conduct," "breaches of any of the purported agreement," failure to mitigate damages, "unclean hands," and equitable estoppel—are purely conclusory and lack any factual basis, let alone sufficient specificity to provide notice to Plaintiffs. *See GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 98 (2d Cir. 2019) (applying *Twombly*'s plausibility standard to the pleading of affirmative defenses). Accordingly, I strike Defendant's First, Fifth, Sixth, Seventh, Eight, and Ninth Affirmative Defenses. *See Brooklyn Union Gas Co. v. Exxon Mobil Corp.*, 478 F. Supp. 3d 417, 435 (E.D.N.Y. 2020) (striking affirmative defenses where defendant failed to plead them

with sufficient specificity to provide plaintiff notice); *Trs. of the N.Y. City Dist. Council v. MCF Assocs.*, 530 F. Supp. 3d 460, 468 (S.D.N.Y. 2021) (same). I also strike Defendant's Tenth Affirmative Defense, which is not an affirmative defense, but rather a reservation of rights "to modify or supplement these affirmative defenses." *See* Fed. R. Civ. P. 12(f).

## CONCLUSION

Based on the foregoing, I grant Plaintiffs' motion for summary judgment and deny Defendant's cross-motion.

The Clerk of Court shall enter final judgment in favor of Plaintiffs and tax costs. She shall also terminate ECF Nos. 24 and 29, and close this case.

SO ORDERED.

Dated:   March 12, 2025
        New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

9