UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
JEFFERIES STRATEGIC INVESTMENTS, LLC     :
and LEUCADIA ASSET MANAGEMENT            :
HOLDINGS LLC,                            :    **ORDER DENYING**
                                         :    **DEFENDANT'S MOTION FOR**
                Plaintiffs,              :    **RECONSIDERATION**
                                         :
     -against-                            :    24 Civ. 4369 (AKH)
                                         :
GEORGE WEISS,                            :
                                         :
                Defendant.               :
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

   I deny Defendant's motion for reconsideration of my Opinion and Order of March 12, 2025, denying Defendant's motion for summary judgment and granting Plaintiffs' motion for summary judgment, ECF No. 41.

   "A motion for reconsideration is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved." *In re Facebook Inc., IPO Sec. & Derivative Litig.*, 43 F. Supp. 3d 369, 374 (S.D.N.Y. 2014). Moreover, "the standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 41 (2d Cir. 2012).

   Here, Defendant has failed to meet these strictures. Instead, he argues issues raised—and rejected—in his previous motion for summary judgment. As I held in my Opinion, "the Forbearance Agreement is a valid and enforceable contract as to Defendant" since "his arguments that the Forbearance Agreement lacked mutual assent" do not "pass muster." *Jefferies Strategic Invs. v. Weiss*, 24 Civ. 4369 (AKH), 2025 WL 786578, at *3 (S.D.N.Y. Mar. 12, 2025).

1

Under New York law, acceptance of a counteroffer, including through "acquiescent conduct," creates a binding contract between the parties. *See, e.g., Eldor Contr. Corp. v. County of Nassau*, 272 A.D.2d 509, 509 (N.Y. App. Div. 2d Dep't 2000); *Daimon v. Fridman*, 5 A.D.3d 426, 427 (N.Y. App. Div. 2d Dep't 2004); *John William Costello Assocs. v. Std. Metals Corp.*, 99 AD.2d 227, 231 (N.Y. App. Div. 1st Dep't 1984). Here, Plaintiffs accepted Defendant's signed, revised version of the forbearance agreement, both in writing, *see* ECF No. 28-5, and through "acquiescent conduct" in fully complying with Plaintiffs' obligations to Defendant under the revised forbearance agreement and filing a UCC financing statement to record this security interest. *See* ECF Nos. 30-1, 36; *see also Jefferies Strategic Inv.*, 2025 WL 786578, at *3 (holding that a valid contract existed between the parties here for these reasons). Accordingly, the revised forbearance agreement constitutes a valid contract between the parties, and has the force of law. Thus, I deny Defendant's motion for reconsideration.

The Clerk of Court shall terminate ECF No. 43.

SO ORDERED.

Dated:   May 15, 2025
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge