UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
JEFFERIES STRATEGIC INVESTMENTS, LLC :
and LEUCADIA ASSET MANAGEMENT :
HOLDINGS LLC, : **AMENDED ORDER GRANTING**
: **PLAINTIFFS' MOTION TO**
Plaintiffs, : **CORRECT JUDGMENT**
:
-against- :
: 24 Civ. 4369 (AKH)
GEORGE WEISS, :
:
Defendant. :
------------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

    I grant Plaintiffs' motion to correct my Opinion, and the Clerk's judgment, of March 12, 2025, ECF Nos. 41-42, as to specify the precise amount owed and prescribe interest.

    Fed. R. Civ. P. 60(a) allows the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."[1] In other words, Rule 60(a) permits "changes that implement the result intended by the court at the time the order was entered," but does not allow "changes that alter the original meaning to correct a legal or factual error." *Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 150-151 (2d Cir. 1999). "A motion under Rule 60(a) is available only to correct a judgment 'for the purpose of reflecting accurately a decision that the court actually made.'" *Hodge v. Hodge*, 269 F.3d 155, 158 (2d Cir. 2001) (quoting *Truskoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir. 1995)).

---

[1] Although Fed. R. Civ. P. 60(a) provides that "after an appeal has been docketed in the appellate court and while it is pending," a court may not correct a judgment absent "the appellate court's leave," and on April 10, 2025, Defendant filed a notice of appeal, ECF No. 49, since the Second Circuit stayed this appeal pending the resolution of this motion, ECF No. 52, here, I may grant relief under Rule 60(a). *See Genetec, Inc. v. PROS, Inc.*, 20 Civ. 7959 (JLR), 2024 U.S. Dist. LEXIS 123110, at *4, n.1 (S.D.N.Y. July 11, 2024); *Cendant Mortg. Corp. v. Saxon Nat'l Mortg.*, 99 Civ. 3161 (ADS), 2006 U.S. Dist. LEXIS 116983, at *9 (E.D.N.Y. Jan. 26, 2006).

1

Here, Plaintiffs move for this Court to enter final judgment in a sum certain, and to set interest. Since my Opinion of March 12, 2025, granting Plaintiffs' motion for summary judgment and denying Defendant's motion for summary judgment, did not do so, but instead directed the Clerk to "enter final judgment in favor of Plaintiffs and tax costs," ECF No. 41, Plaintiffs' requested relief in their Rule 60(a) motion, to quantify my intent to award interest, is an appropriate motion. *See, e.g., Dudley v. Penn-America Ins. Co.*, 313 F.3d 662, 665 (2d Cir. 2002); *Capital Constr. Corp. v. Zaga*, 11 Civ. 8112 (PKC), 2014 U.S. Dist. LEXIS 87691, at *2-4 (S.D.N.Y. June 25, 2014). Additionally, since the underlying agreements provide for a specific rate of prejudgment interest—the Wall Street Journal Prime Rate, plus two percent, compounded monthly, until full payment is made, *see* ECF No. 30-1, at 3—that supersedes the statutory rate provided for under N.Y. C.P.L.R. § 5004(a). *See, e.g., NML Cap. v. Republic of Argentina*, 17 N.Y.3d 250, 258 (2011); *Citibank, N.A. v. Liebowitz*, 110 A.D.2d 615, 615 (N.Y. App. Div. 2d Dep't 1985). Computing this rate is onerous for the Clerk, and requires calculations by the parties and approval by the Court.

Plaintiffs' motion performs this calculation in a detained spreadsheet, and Defendant, in his opposition brief, ECF No. 48, has but a conclusory denial.[2] Thus, I overrule Defendant's objections, and adopt Plaintiffs' calculations. *See N.Y. Nat'l Bank v. Harris*, 182 A.D.2d 680, 680 (N.Y. App Div. 2d Dep't 1992); *Accu Line Contracting v. Aetna Casualty & Sur. Co.*, 207 A.D.2d 366, 367 (N.Y. App. Div. 2d Dep't 1994).

Finally, I reject Defendant's argument that it is premature to enter final judgment against him in light of the pending bankruptcy proceeding concerning his companies, since "a non-debtor guarantor's liability is not modified by the bankruptcy process, and the creditor retains its

---

[2] To the extent that Defendant points out a discrepancy in the spreadsheet, Plaintiffs' reply brief provides a satisfactory explanation. *See* ECF No. 51, at 7-8.

2

rights against the non-debtor guarantor outside of the bankruptcy case." *U.S. Bank, N.A. v. Perlmutter*, 470 B.R. 659, 673 (Bankr. E.D.N.Y. 2012). I previously denied Defendant's motion to stay the proceedings for similar reasons, ECF No. 19, and I do so again here.

Accordingly, the Clerk shall enter final judgment in favor of Plaintiffs, and against Defendant, in the sum of $113,493,250.00 (which accounts for the principal guaranteed and pre-judgment interest), and post-judgment interest at a rate equal to the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding. *See* 28 U.S.C. § 1961(a).

The Clerk of Court shall terminate ECF No. 45.

SO ORDERED.

Dated: May __, 2025
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge